■ CARYN WELSH, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant.—In an action to recover damages for personal injuries, defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County, dated October 29, 1979, as denied the branch of its motion for a protective order which sought to vacate plaintiff's notice for discovery and inspection with respect to certain physical descriptions of a number of defendant's employees. Order affirmed insofar as appealed from, with $50 costs and disbursements. It was not an abuse of discretion for Special Term to deny the said branch of the motion for a protective order. Defendant is not compelled to prepare new documents not previously in existence. Hopkins, J. P., Mangano, O'Connor and Weinstein, JJ., concur.

■ In the Matter of MICHAEL AMATULLI, Appellant, v BOARD OF ASSESSORS OF THE COUNTY OF NASSAU, Respondent. (And 27 Other Proceedings.)— In proceedings pursuant to article 7 of the Real Property Tax Law, petitioners appeal from an order of the Supreme Court, Nassau County, dated August 30, 1979, which denied their motion for consolidation or a joint trial of the proceedings commenced by them against the Board of Assessors of the County of Nassau. Order reversed, without costs or disbursements, and motion granted to the extent that the proceedings shall be jointly tried. The various petitioners instituted 28 proceedings pursuant to article 7 of the Real Property Tax Law to review the real property assessments of their residences by the respondent, the Board of Assessors of the County of Nassau, for the 1978-1979 tax year. Each petitioner claims that he was being overvalued and unequally assessed. All 28 lots are located in Freeport and are improved with single-family residences. Special Term denied petitioners' motion for consolidation or a joint trial on the grounds that sufficient common questions did not exist and that the properties are not in the same development, were not built by the same builder from the same plans, and are not of the same size and construction. Special Term erred. The issues of overassessment and inequality are common to all the petitioners and thus satisfy the requirement of CPLR 602 that the actions have a common question of law or fact. Further, respondent has not shown that it would be substantially prejudiced by the granting of relief to petitioners. (See *Matter of Blank v Becker,* 50 AD2d 418; *860 Executive Towers v Board of Assessors of County of Nassau,* 43 AD2d 910; see, also, Real Property Tax Law, § 710; CPLR 602.) In our opinion a joint trial will best serve the interests of the parties. Hopkins, J. P., Mangano, O'Connor and Weinstein, JJ., concur.