■ INCORPORATED VILLAGE OF FREEPORT, Appellant, v MILTON SANDERS et al., Defendants and Third-Party Plaintiffs-Respondents. KRESSNER & SCHULMAN et al., Third-Party Defendants-Respondents.—In an action to recover payments purportedly made by the plaintiff to its injured employee pursuant to General Municipal Law § 207-c (6), the plaintiff appeals from an order of the Supreme Court, Nassau County (Wager, J.), entered January 15, 1985, which, upon granting the third-party defendants' motion for renewal, dismissed the complaint pursuant to CPLR 3211 (a) (5).

Order reversed, with costs payable to the appellant by the third-party defendants, and the third-party defendants' renewed motion to dismiss the complaint denied.

Special Term erred in granting the motion to dismiss the plaintiff's complaint on collateral estoppel grounds, since the movants did not meet their burden of establishing that the issue sought to be given collateral estoppel effect was necessarily decided in a prior proceeding *(see, Ryan v New York Tel. Co.,* 62 NY2d 494; *Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65). The Workers' Compensation Board's determination that the injured employee settled his action against the alleged tort-feasors without the consent of the insurer, who had previously filed a workers' compensation lien, clearly did not require a finding that the insurer made workers' compensation payments to the injured employee in the past.

Special Term also erred in granting the motion to dismiss the plaintiff's complaint on equitable estoppel grounds. Firstly, the doctrine of equitable estoppel may only be asserted against a governmental subdivision where there has been a showing of manifest injustice, a showing which is lacking at bar *(see, Matter of Daleview Nursing Home v Axelrod,* 62 NY2d 30; *Matter of Hamptons Hosp. & Med. Center v Moore,* 52 NY2d 88; *Matter of 1555 Boston Rd. Corp., v Finance Administrator of City of New York,* 61 AD2d 187). In any event, the doctrine of equitable estoppel is not a defense available to the defendants third-party plaintiffs, since no representations were ever made to them by the plaintiff. Therefore, since no claim has been asserted by the plaintiff against the third-party defendants, that doctrine is unavailable to the third-party defendants as a defense to the plaintiff's complaint *(see,* CPLR 1008; *Bellefeuille v City & County Sav. Bank,* 43 AD2d 335; *Lewis v Borg-Warner Corp.,* 35 AD2d 722). Mangano, J. P., Gibbons, Kooper and Spatt, JJ., concur.