■ In the Matter of ALEXANDER SHARPE et al., Appellants, v ASSESSOR OF THE TOWN OF WOODSTOCK, Respondent.—Yesawich, Jr., J. Appeal from an order of the Supreme Court (Torraca, J.), entered January 11, 1990 in Ulster County, which, in a proceeding pursuant to RPTL article 7, inter alia, granted respondent's motion for a severance.

In 1986 and 1987, respondent reassessed at full value all properties in the Town of Woodstock, Ulster County, for

purposes of preparing the 1988 assessment roll. Thereafter, pursuant to action by the Town's Board of Assessment Review, the assessments were reduced to 25% of full value. Petitioners, who are 58 owners of real property located in the Town, filed a single petition to have their assessments reduced. Respondent moved to dismiss the petition for procedural irregularities and, in the alternative, for a severance. Supreme Court severed the proceeding and, although it found the petition to be invalid as it did not provide proper written authorization (see, RPTL 706 [2]), the court granted petitioners 20 days to correct the deficiency. Petitioners argue on appeal that the proceeding should not have been severed; we agree.

In their challenge to the assessments of their respective properties, petitioners specifically contend that although real property in the Town is generally assessed at 25% of full value, their properties were assessed at approximately 50% of full value; in short, they claim that their properties are unequally and excessively assessed. They are critical not of respondent's determination of the full or market value of their properties, but of the assessed values computed therefrom by respondent.

Severance is not warranted, for even though the types of properties are dissimilar in that they include homes, miscellaneous commercial structures and vacant land, there is essentially but one question to be resolved, namely, whether petitioners' properties were assessed at a higher percentage of full value than all other properties in the Town. RPTL 706 (2) provides that "persons * * * who assert the same grounds for review presenting a common question of law or fact, may unite in the same petition". There being but one issue underlying this lawsuit and that issue being common to all petitioners, a severance runs counter to this statutory directive. Furthermore, respondent has not demonstrated that any ensuing substantial prejudice would accrue to it should the severance be denied (see, Matter of Amatulli v Board of Assessors, 78 AD2d 550).

Order modified, on the law, without costs, by reversing so much thereof as granted respondent's motion for a severance; petitioners are hereby granted 20 days after service of a copy of the order to be entered upon this court's decision with notice of entry to serve an amended verified petition complying with RPTL 706 (2); and, as so modified, affirmed. Mahoney, P. J., Weiss, Yesawich, Jr., Crew III, and Harvey, JJ., concur.