■ In the Matter of ENDICOTT JOHNSON CORPORATION, Respondent, v ASSESSOR OF THE TOWN OF UNION et al., Appellants. [617 NYS2d 982] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Monserrate, J.), entered November 12, 1993 in Broome County, which, in a proceeding pursuant to RPTL article 7, granted petitioner's motion to dismiss respondents' first affirmative defense.

Respondent Town of Union maintains that Supreme Court erred in rejecting its affirmative defense that this proceeding, in which petitioner seeks judicial review of tax assessments on 11 parcels of real property in the Town, is governed by CPLR 304, and therefore that petitioner's failure to purchase a separate index number for each of the 11 challenged assessments rendered the proceeding jurisdictionally defective. We disagree.

Tax certiorari proceedings are governed by RPTL article 7, which on July 14, 1993, when this proceeding was initiated, provided that such proceedings were properly commenced by "serving a petition * * * upon the officers designated in section seven hundred eight of this chapter" (RPTL 704 [former (1)]). That section provides that service of the petition and notice may be made upon the clerk of the assessing unit (RPTL 708 [1]). These provisions being inconsistent with those of the CPLR, the latter does not govern this proceeding (see, CPLR 101; Matter of Caldor, Inc. v Board of Assessors, 142 AD2d 57, 59; see also, Matter of McDonald's Corp. v Assessor for Town of Hancock, 159 Misc 2d 335, 336-337). While RPTL 704 has been amended (L 1994, ch 563, eff July 26, 1994), the amendment is prospective only and not determinative of this appeal.

Nor was Supreme Court incorrect in rejecting respondents' claims of improper joinder. RPTL 706 (2) states that two or more persons with real property assessed on the same roll, who assert the same grounds for review presenting a common question of law or fact, may join their claims in one petition; we find no reason to deny a single petitioner the same right. Given that petitioner's 11 claims are all premised on similar allegations of overvaluation and inequality, and its expert avers that much of the same evidence will be presented in support of each of them, joinder was not improper (see, Matter of Sharpe v Assessor of Town of Woodstock, 170 AD2d 849, 850; Matter of Amatulli v Board of Assessors, 78 AD2d 550).

Mikoll, J. P., Mercure and Peters, JJ., concur. Ordered that the order is affirmed, with costs.