■ Dean Youngs, Also Known as and Doing Business as Eloise Snow Holding Company, Appellant, v Arthur Bradley et al., Respondents. [654 NYS2d 445] —Peters, J. Appeal from an order of the County Court of Broome County (Mathews, J.), entered April 30, 1996, which, *inter alia*, granted defendant County of Broome's motion for summary judgment and dismissed the complaint.

Plaintiff, the last known owner of a certain property located in the Town of Fenton, Broome County, was sent a notice of foreclosure on June 10, 1994 advising that such property was going to be foreclosed upon due to unpaid real property taxes. The notice of foreclosure was posted and published and County

Court ultimately signed a judgment of foreclosure, dated February 1, 1995, allowing acquisition pursuant to an RPTL article 11, title 3 foreclosure proceeding. Plaintiff was thereafter advised that defendant County of Broome had foreclosed on the property and on June 1, 1995, the unredeemed land was sold at auction to defendant George Maslar who then deeded the property to defendant Arthur Bradley.

In August 1995, Bradley commenced an eviction proceeding in the Town of Fenton Justice Court against plaintiff. Plaintiff then commenced this action to recover the subject property. The County, joined by Maslar and Bradley, moved for summary judgment while Maslar and Bradley moved for an order to consolidate the pending eviction action. Plaintiff cross-moved for summary judgment and for an order rendering the February 1, 1995 judgment of foreclosure null and void. County Court granted the County's motion and, upon searching the record, dismissed the complaint against all defendants. Plaintiff now appeals.

The sole issue on appeal is whether County Court correctly concluded that the filing requirements of CPLR 306-b (a) do not apply to foreclosure proceedings governed by RPTL article 11, title 3. Acknowledging the guidance of CPLR 101 which states that the procedures utilized in civil judicial proceedings in all courts of the State shall be as detailed therein "except where the procedure is regulated by inconsistent statute" (CPLR 101), it is clear that the procedure to be followed to foreclose a tax lien by an action in rem is governed by RPTL article 11, title 3. Pursuant thereto, a proceeding is deemed commenced once a list of delinquent taxes is properly filed (see, RPTL 1122) and that liens for unpaid taxes "except as otherwise provided by this title, shall be summarily foreclosed by the tax district in the manner provided in this title notwithstanding the provisions of any general, special or local law" (RPTL 1120 former [1]). Since there is no challenge to the County's compliance with the relevant procedures detailed in RPTL article 11, title 3, including that detailed for the filing of affidavits (see, RPTL 1128), we find it clear that the procedure required to be utilized for actions of this kind is "regulated by inconsistent statute" (CPLR 101).*

Accordingly, we affirm County Court's order concluding that the filing procedures of CPLR 306-b (a) are not applicable here.

---

* The issue of whether the filing requirements of the CPLR apply to real property tax proceedings has been addressed in the context of an RPTL article 7 proceeding prior to the amendment of such article and others by the Legislature in 1994 (see, Matter of Endicott Johnson Corp. v Assessor of Town of Union, 209 AD2d 759; Matter of McDonald's Corp. v Assessor for Town of

Cardona, P. J., Mercure, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.

*Hancock,* 159 Misc 2d 335). Upon amendment, it was "clarif[ied] that 'filing' rather than 'service' commenced the special proceedings regulated by [RPTL art 7] (*see,* L 1994, ch 563)" (*Matter of Spodek v New York State Commr. of Taxation & Fin.,* 85 NY2d 760, 765). Such 1994 amendment, however, also included amendments to sections contained in RPTL article 11, title 3 (*see,* RPTL 1120, 1128, as amended). Acknowledging that such amendments are not applicable here since the action was brought prior thereto, the intent expressed therein still supports our determination that these proceedings are governed by the procedures detailed in the RPTL and not in the CPLR (*compare, Matter of Solomon v Marks,* 164 Misc 2d 387).