■ In the Matter of ATLANTIC REFINING & MARKETING CORPORATION, Appellant, v ASSESSOR OF THE CITY OF ITHACA et al., Respondents. [667 NYS2d 803] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Rumsey, J.), entered September 23, 1996 in Tompkins County, which, in a proceeding pursuant to RPTL article 7, granted respondents' motion to, *inter alia*, dismiss the petition for lack of jurisdiction.

Petitioner, the owner of two parcels of real property in the City of Ithaca, Tompkins County, commenced this proceeding to obtain review of its 1992-1993 property tax assessments in July 1992 by filing, and serving upon respondents, a notice of petition and petition. It was not until almost four years later, however, that petitioner filed a request for judicial intervention (hereinafter RJI), together with a note of issue and certificate

of readiness accompanied by two affirmed statements of expenses, one for each parcel. Thereafter, respondents moved to strike the note of issue and dismiss the petition, contending that petitioner's failure to obtain an RJI number when filing the petition was a jurisdictional defect, that a separate note of issue should have been filed for each property, and that the income and expense statements submitted by petitioner were inadequate. Supreme Court granted the motion over petitioner's objection and this appeal ensued.

Although an RJI form should be completed and filed, and the requisite fee paid, when a petition is filed in connection with a proceeding of this type (*see*, 22 NYCRR 202.6 [a]), where, as here, an RJI is submitted and the case is placed on the calendar within the four-year period set forth in RPTL 718, the mere fact that the RJI number was not purchased when the petition was filed does not, without more, constitute a jurisdictional defect mandating dismissal (*see*, *Matter of Caldor v Board of Assessors*, 142 AD2d 57, 59; *Matter of City of Albany v Department of Assessment*, 139 Misc 2d 401; *cf.*, *Matter of Buonocore v Village of S. Nyack*, 238 AD2d 336).

Nor are we persuaded that petitioner improperly joined its claims in a single petition (*see*, *Matter of Endicott Johnson Corp. v Assessor of Town of Union*, 209 AD2d 759), or that it should be penalized for failing to file two separate notes of issue, given that the very same grounds for review are asserted as to each parcel. And, inasmuch as petitioner expressly represents, on the note of issue, that the subject properties were "occupied by the owner", it was not required to provide an accounting of income attributable thereto or to estimate the amount that would be "reasonably allocable for rent" (22 NYCRR 202.59 [b]; *see*, *Matter of White Plains Props. Corp. v Tax Assessor of City of White Plains*, 58 AD2d 653, 654). As the note of issue was not shown to be deficient, it should not have been vacated (*see*, 22 NYCRR 202.21 [e]).

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.