■ In the Matter of the FORECLOSURE OF TAX LIENS BY COUNTY OF RENSSELAER, Respondent. RIVERSIDE AVENUE CORPORATION, Appellant. [792 NYS2d 213]—

Kane, J. Appeal from an order of the County Court of Rensselaer County (McGrath, J.), entered February 18, 2004, which, inter alia, in a proceeding pursuant to RPTL article 11, granted petitioner's motion for summary judgment.

In July 2001, petitioner commenced this RPTL article 11 in rem proceeding to begin foreclosure on delinquent tax liens it held on various parcels throughout Rensselaer County. Two of the parcels were vacant lots owned by respondent. After respondent advised petitioner that the lots contained environmental conditions which may pose a liability to petitioner, petitioner issued a certificate of withdrawal to remove those lots from the proceeding (see RPTL 1138). County Court entered a judgment of foreclosure on all of the remaining parcels.

In January 2003, petitioner commenced its annual tax foreclosure proceedings, again including respondent's two parcels. Later that year, after receiving correspondence from the Department of Environmental Conservation stating that a municipality gaining title through tax foreclosure would not be liable for environmental cleanup on any parcels, petitioner issued a certificate of reinstatement pertaining to respondent's two parcels. Petitioner then filed a petition under the caption of the 2001 proceeding, relating only to respondent's parcels and including the previous liens as well as liens for years continuing through 2003. In response to petitioner's motion for summary judgment and respondent's cross motion to dismiss the petition, County Court denied respondent's cross motion, granted petitioner's motion and granted petitioner title to the property. Respondent appeals.

Petitioner was entitled to reinstate the 2001 tax foreclosure proceeding. Upon reaching a determination that the parcel was no longer entitled to withdrawal from foreclosure, petitioner was required to "reinstate a withdrawn foreclosure proceeding" (RPTL 1138 [4] [a]). The statute does not require any proof of the reason for reinstatement other than the filing of "a certificate of reinstatement setting forth the reasons for the reinstatement of the proceeding" (RPTL 1138 [4] [b]). Petitioner's certificate of reinstatement stated the reason for reinstatement and

the removal of the reason for withdrawing foreclosure, namely assurances by the Department of Environmental Conservation that the parcels were being cleaned up by third parties and petitioner would not incur any liability for their contamination in any event. Contrary to respondent's arguments, a taxing authority does not merely reinstate a parcel's eligibility for foreclosure, it reinstates the "withdrawn foreclosure proceeding" itself (RPTL 1138 [4] [a]). Although County Court issued a final judgment of foreclosure in the 2001 proceeding, that judgment addressed only those parcels not redeemed or withdrawn.* Based on the reinstatement of the 2001 foreclosure proceeding, petitioner properly filed a petition of foreclosure under the caption of that proceeding and was not required to obtain a new index number (see Youngs v Bradley, 237 AD2d 700, 701 [1997], appeal dismissed 90 NY2d 843 [1997] [finding that RPTL filing requirements are inconsistent with and take precedence over CPLR requirements]). Upon filing the required petition in the newly reinstated foreclosure proceeding, as long as some of the liens were more than 21 months delinquent, petitioner was permitted to include all delinquent taxes, including those incurred subsequent to the original 2001 petition (see RPTL 1138 [4] [d]; 1123 [1]). A contrary result would prohibit a taxing authority from ever recovering liens incurred in the 21 months prior to a foreclosure proceeding.

The portion of petitioner's 2003 tax foreclosure proceeding relating to these parcels must now be discontinued or dismissed.

Mercure, J.P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.

_____

* That judgment accords with RPTL 1123 (7), which permits severance of a tax foreclosure proceeding for any parcel where the owner filed an answer to the foreclosure petition, as respondent did here.