██ MARCOR REMEDIATION, INC., Appellant, v COUNTY OF BROOME, Respondent. [847 NYS2d 702]—

Crew III, J. Appeals (1) from an order of the Supreme Court (Lebous, J.), entered July 19, 2006 in Broome County, which, among other things, granted defendant's motion for summary judgment dismissing the complaint, and (2) from the judgment entered thereon.

Defendant solicited bids for a lead abatement project to be performed at the former Broome County firing range located in the Town of Dickinson, Broome County, and, in September 1999, plaintiff and defendant entered into a contract whereby plaintiff agreed to perform the requested work for the sum of $144,425. During the course of the project, which ultimately did not commence until June 2002, several change orders were approved by defendant's Board of Acquisition and Contract extending the time for completion and increasing the contract price to $452,750.

Plaintiff thereafter took the position that in addition to the work covered under the approved change orders, it was asked by defendant's project engineer, Patrick Hogan, to perform certain additional work outside the scope of the original contract—namely, the removal of certain "organics" from the site. When defendant declined to pay for the alleged additional work, plaintiff commenced this action sounding in breach of contract and quantum meruit. Defendant answered and counterclaimed for breach of contract and counsel fees associated with plaintiff's failure to complete the required final report for the project. Following discovery, defendant moved for summary judgment dismissing the complaint and for summary judgment on its counterclaims, and plaintiff cross-moved for summary judgment. Supreme Court granted defendant's motions and denied plaintiff's cross motion, prompting this appeal.

We affirm. Pursuant to the terms of the underlying contract, which Supreme Court painstakingly recited, "[n]o action or proceeding shall lie or be maintained by [plaintiff] . . . against [defendant] upon any claim arising out of or based upon this agreement or any breach hereto . . . unless . . . [plaintiff] . . . shall have *strictly complied* with all requirements relating to the giving of notices and information with respect to such claim" (art VII [D] [1] [b] [emphasis added]). To that end, and where, as here, plaintiff is claiming that it performed revised work under the contract, it must, among other things, file with defendant "a verified, detailed statement, with documentary evidence of the items and basis of [its] claim" (art IV [C] [1], [2] [c]). The

parties' contract further provides that any failure on the part of plaintiff to comply with "any or all parts of [the] subdivision [detailing the notice requirements] shall be deemed to be . . . [a] conclusive and binding determination on [plaintiff's] part that said . . . work . . . does not involve revised work and is not contrary to the terms and provisions of [the parties'] agreement . . . and [a] waiver by [plaintiff] of all claims for additional compensation or damages as a result of said . . . work" (art IV [C] [3] [a], [b]). Finally, the contract provides that "[n]o person has [the] power to waive or modify any of the foregoing provisions" (art IV [C] [4]) and, further, that "[a]ll orders to [plaintiff] directing changes in the project, revisions within the scope of services . . . and payments representing increases or decreases in compensation due to changes, revisions or termination shall be made by [defendant] through its duly authorized Board of Acquisition and Contract" (art IV [A]).

The case law makes clear that "compliance with the notice of claim provisions of a municipal contract constitutes a condition precedent to the commencement of an action for breach of contract which may only be avoided if the municipality acted in a manner that precluded the other party from complying" (*Tug Hill Constr. v County of Broome*, 270 AD2d 755, 756 [2000]). Here, the parties' agreement required plaintiff to submit a "verified, detailed statement" of its claim. Although the term "verified" is not defined in the contract, the common definition of the word is "to confirm or substantiate in law by oath" (Webster's Collegiate Dictionary 1312 [10th ed]) and, hence, something more than a mere signature is required (*see generally* CPLR 105 [u]; 3020 [a]). As there can be no dispute that plaintiff's claim indeed was not verified, and in the absence of any suggestion that defendant somehow precluded plaintiff from satisfying the notice requirements, Supreme Court quite properly dismissed the complaint on this basis.

Nor do we find merit in plaintiff's contention that defendant waived the notice of claim requirements by virtue of Hogan's conduct. As a starting point, in addition to containing a general prohibition against waiver or estoppel (art VI [E]), the contract clearly and unequivocally states that no person had the authority to waive or modify any of the provisions regarding notice (*see* art IV [C] [4]). Moreover, the record reflects that plaintiff was well aware that all change orders required approval of defendant's Board of Acquisition and Contract as per article IV (A) of the parties' agreement. Hence, we have no quarrel with

Supreme Court's decision to grant defendant's motion for summary judgment dismissing the complaint.*

Turning to defendant's counterclaims, we reject plaintiff's contention that its failure to tender the final report as admittedly required was somehow excused by defendant's alleged breach of the contract. As should be apparent from the foregoing discussion, defendant did not breach the contract at issue; it merely declined to pay plaintiff sums that were in dispute due to plaintiff's failure to comply with the notice provisions of the contract. Under such circumstances, plaintiff's failure to perform is not excused and, accordingly, Supreme Court properly awarded defendant a sum for expenses incurred in retaining another entity to complete the required report. We reach a similar conclusion as to the issue of counsel fees. Plaintiff's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Cardona, P.J., Mercure, Mugglin and Rose, JJ., concur. Ordered that the order and judgment are affirmed, without costs. [See 12 Misc 3d 1183(A), 2006 NY Slip Op 51394(U).]

---

* Plaintiff's brief fails to address the dismissal of its quantum meruit cause of action and, as such, we deem any challenge in this regard to be abandoned (see Peak v Northway Travel Trailers, Inc., 27 AD3d 927, 928 [2006]).