LAWS CONSTRUCTION CORP., Appellant, v TOWN OF PATTERSON, Respondent. [23 NYS3d 355]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Putnam County (Lubell, J.), dated May 6, 2013, as granted that branch of the defendant's motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

In July 2005, the plaintiff submitted a bid to perform work on a construction project and was the lowest bidder. When construction was delayed, the plaintiff and the other successful bidders were given the option to withdraw their bids. At a meeting held on March 29, 2006, the Town Supervisor of the Town of Patterson was asked whether the Town would reimburse the bidders for increased costs in labor and materials that were incurred due to the delay. In a letter dated March 31, 2006, the Town Supervisor advised the bidders that "there appears to be no prohibition regarding application of contingency monies built into the contracts toward potential increases in costs of material and labor due to the extended time factor."

The plaintiff did not withdraw its bid, and on or about August 24, 2006, entered into a written contract with the Town. The parties entered into a "unit price contract," which was "based upon the unit cost for various units of work needed to complete the project." The contract contained a merger clause stating that it superseded other representations, orally and in writing, and provided that a "Modification" could be made by "(1) a written amendment to the Contract signed by both parties, (2) a Change Order, (3) a Construction Change Directive, or (4) a written order for minor change in the Work issued by the Architect."

The plaintiff submitted to the Town 14 requisitions for payment, which did not include cost escalations, for a final total payment of $2,575,376.99. These requisitions were paid. On October 24, 2008, the plaintiff submitted requisition No. 15,

seeking reimbursement for increased costs of labor and materials caused by the delay in construction in the sum of $121,119.93, which the Town refused to pay.

The plaintiff commenced this action against the Town to recover damages in the sum of $121,119.93 for increased costs of material and labor associated with the delay in construction. The Town asserted a counterclaim alleging that, during excavation, the plaintiff damaged electrical lines and failed to decommission several sewer tanks in breach of the parties' contract.

The Town moved, inter alia, for summary judgment dismissing the complaint, claiming that the plaintiff improperly attempted to modify a competitive bid after the fact. The plaintiff countered that the Town was estopped from denying it payment for increased costs. The Supreme Court granted that branch of the Town's motion which was for summary judgment dismissing the complaint.

Estoppel generally is not available against a municipal defendant with regard to the exercise of its governmental functions (see Matter of Daleview Nursing Home v Axelrod, 62 NY2d 30, 33 [1984]; Agress v Clarkstown Cent. School Dist., 69 AD3d 769, 771 [2010]). "However, an exception to the general rule applies in 'exceptional circumstances' involving the 'wrongful or negligent conduct' of a governmental subdivision, or its 'misleading nonfeasance,' which 'induces a party relying thereon to change his position to his detriment' resulting in 'manifest injustice' " (Palm v Tuckahoe Union Free School Dist., 95 AD3d 1087, 1091 [2012], quoting Landmark Colony at Oyster Bay v Board of Supervisors of County of Nassau, 113 AD2d 741, 744 [1985]). The question here is whether the Town Supervisor's letter, indicating that "there appears to be no prohibition regarding application of contingency monies built into the contracts toward potential increases in costs of material and labor due to the extended time factor," and the plaintiff's claim that it was later told to request payment for such an increase in costs at the completion of the work, constituted exceptional circumstances. The Town Supervisor's statement that "there appears to be no prohibition" against applying contingency funds toward potential increases in costs did not establish that there was an agreement to do so. Further, the plaintiff's claim that an oral representation by an agent of the Town during construction was sufficient to grant it rights by estoppel, contrary to explicit terms of the contract requiring a written change order, is without merit (see Wilson v Neighborhood Restore Hous., 129 AD3d 948 [2015]; Marcor Remediation, Inc. v County of Broome, 46 AD3d 1066 [2007]).

We decline the plaintiff's request to exercise our discretion to search the record and award it summary judgment dismissing the defendant's counterclaim (*see A.M. Med. Servs., P.C. v Progressive Cas. Ins. Co.*, 101 AD3d 53, 71 [2012]), as there are triable issues of fact which preclude summary judgment on the counterclaim.

The parties' remaining contentions are without merit or need not be reached in light of our determination. Hall, J.P., Roman, Sgroi and Hinds-Radix, JJ., concur.