In the Matter of ESTATE OF ANA BEATRIZ MARIN et al., Appellants, v LAURIE BELL et al., Respondents. [27 NYS3d 56]—

In a proceeding pursuant to RPTL article 7 to review property tax assessments for the tax year 2013, the petitioners appeal from an order of the Supreme Court, Putnam County (Grossman, J.), dated November 6, 2014, which granted the motion of the respondents Gary E. Link, as the Assessor of the Town of Kent, and Board of Assessment Review of the Town of Kent, joined in by the respondent County of Putnam, NY, in effect, to dismiss the proceeding insofar as asserted against them on the ground that the filing of a single petition violated RPTL 706 (2), with leave to refile separate petitions.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The Estate of Ana Beatriz Marin (hereinafter the Estate) is the owner of 20 parcels of real property located in the County of Putnam. Specifically, 15 of those parcels are in the Town of Southeast, 3 are in the Town of Carmel, and 2 are in the Town of Kent. Carla L. Marin (hereinafter Marin) is the owner of one parcel of real property located in the Town of Southeast. In 2013, the Estate, by Marin, as executor, and Marin, individually (hereinafter together the petitioners), commenced this proceeding to review the property tax assessments on these parcels. Gary E. Link, as the Assessor of the Town of Kent, and the Board of Assessment Review of the Town of Kent (hereinafter together the Town) moved, in effect, to dismiss the proceeding insofar as asserted against them. The County joined in the motion. The Supreme Court granted the motion with leave to refile separate petitions on the ground that RPTL 706 (2) did not allow the petitioners, in a single petition, to challenge the assessments of parcels assessed upon more than one assessment roll. The petitioners appeal.

"Statutory interpretation begins with the plain language of the statute; the clearest indicator of legislative intent is the statutory text. Therefore, 'the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof' " (*Balsam v Fioriglio*, 123 AD3d 750, 751 [2014], quoting *Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577, 583 [1998]).

RPTL 706 (2) provides, in relevant part, that "[t]wo or more persons having real property assessed upon *the same roll* who assert the same grounds for review presenting a common ques-

tion of law or fact, may unite in the same petition" (RPTL 706 [2] [emphasis added]). Contrary to the petitioners' contentions, the plain language of RPTL 706 (2) mandates the conclusion that, where two or more property owners seek judicial review of their assessments in one petition, the parcels at issue must be assessed upon the same roll. Here, the subject parcels were assessed by three separate and distinct assessing units, the Town of Southeast, the Town of Carmel, and the Town of Kent, upon three separate and distinct assessment rolls. Under these circumstances, the petitioners improperly seek review of the assessments in the same petition. Although cases from this and other courts have permitted multiple petitioners to challenge the assessments of multiple parcels in one petition, all of the parcels were assessed by the same assessing unit upon the same assessment roll (*see Matter of Atlantic Ref. & Mktg. Corp. v Assessor of City of Ithaca*, 246 AD2d 875 [1998]; *Matter of Endicott Johnson Corp. v Assessor of Town of Union*, 209 AD2d 759 [1994]; *Matter of Sharpe v Assessor of Town of Woodstock*, 170 AD2d 849 [1991]; *Matter of Amatulli v Board of Assessors of County of Nassau*, 78 AD2d 550 [1980]; *Matter of Mid-Hudson Land Corp. v Lesser*, 67 AD2d 1068 [1979]).

The parties' remaining contentions either are without merit, improperly raised for the first time on appeal, or need not be reached in light of our determination.

Accordingly, the Supreme Court properly granted the Town's motion, joined in by the County, in effect, to dismiss the proceeding insofar as asserted against them, with leave to refile separate petitions. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.