■ STEVEN PALM, Individually and as Chairman of the Board of Pasadena Green Condominium Association, et al., Appellants, v TUCKAHOE UNION FREE SCHOOL DISTRICT et al., Respondents, et al., Defendants. [36 NYS3d 178]—

In an action, inter alia, for a judgment declaring that the plaintiffs may designate the Tuckahoe Union Free School District as their school district pursuant to Education Law § 3203 (1), the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Westchester County (Connolly, J.), dated August 5, 2014, which granted the motion of the defendants Tuckahoe Union Free School District and Tuckahoe Board of Education pursuant to CPLR 4401 and 4404 (a) to set aside a jury verdict in favor of the plaintiffs and

against them and for judgment as a matter of law, and declared that the plaintiffs may not designate the Tuckahoe Union Free School District as their school district pursuant to Education Law § 3203 (1).

Ordered that the order and judgment is affirmed, with costs.

The plaintiff Steven Palm commenced this action individually, and as Chairman of the Board of the Pasadena Green Condominium Association, on behalf of the owners (hereinafter collectively the plaintiffs) of units in a 28-unit condominium complex known as Pasadena Green Condominium (hereinafter the Pasadena). The action was commenced against, inter alia, the Tuckahoe Union Free School District (hereinafter the Tuckahoe District) and the Tuckahoe Board of Education (hereinafter together the school defendants). The plaintiffs alleged that their condominium units at the Pasadena were located on property intersected by the school district boundary line between the Tuckahoe District and another school district. They further alleged that, as owners in the Pasadena, they had elected to exercise their statutory right to designate the Tuckahoe District as their school district pursuant to Education Law § 3203 (1), and that the school defendants had wrongfully deprived them of this right, despite the fact that the Pasadena had paid school taxes to the Tuckahoe District and that the plaintiffs had relied on the school defendants' representations that this right of election was available to owners of units in the Pasadena. The plaintiffs sought a judgment declaring that they may designate the Tuckahoe District as their school district pursuant to Education Law § 3203 (1), or, in the alternative, that the school defendants are equitably estopped from depriving them of the right to designate the Tuckahoe District as their school district.

At trial, only 3 of the 28 current condominium unit owners testified or otherwise provided evidence. Following the close of the plaintiffs' case, the school defendants moved pursuant to CPLR 4401 for judgment as a matter of law. The court granted the motion to the extent of holding that equitable estoppel could not be invoked against the school defendants by the 25 current condominium unit owners who did not testify or otherwise provide evidence at trial.

The jury subsequently returned a verdict finding, in effect, that the plaintiffs were entitled under Education Law § 3203 (1) (b) to elect to designate the Tuckahoe District as their school district of choice, and that the school defendants should be equitably estopped from depriving the three plaintiffs who were current condominium unit owners, and who testified at

trial, of the right to designate the Tuckahoe District as their school district of choice. The school defendants thereafter moved pursuant to CPLR 4401 and 4404 (a) set aside the jury verdict and for judgment as a matter of law, and the Supreme Court granted the motion. The plaintiffs appeal.

The plaintiffs contend that Education Law § 3203 (1) (b) grants them a statutory right to designate the Tuckahoe District as their school district of choice because the Pasadena property is intersected by a school district boundary line separating the Tuckahoe District and another school district. Education Law § 3203 (1) provides, in relevant part: "The owner of taxable property that is so located that the boundary line between two school districts intersects (a) the dwelling on said property or (b), in the case of an owner-occupied single family dwelling unit, the property on which the dwelling unit is located may designate the school in either of such districts to which the children lawfully residing in said dwelling on said property shall attend." The plaintiffs did not contend that Education Law § 3203 (1) (a) applied, and did not present any proof at trial that their individual condominium units were intersected by the school district boundary line. Rather, the plaintiffs presented evidence that the school district boundary line fell on an area of the property that was owned in common by the Pasadena, and argued that Education Law § 3203 (1) (b) applied in such a circumstance.

Since a jury demand was made and the school defendants never moved to strike the jury demand, the following question was submitted to the jury: "Did the plaintiffs establish, by a preponderance of the evidence, that the property intersected by the school district boundary is improved by a single family dwelling unit?" The jury was further instructed that, "[i]f you find that the [p]laintiffs have proven by a preponderance of the evidence that the property intersected by the boundary line falls within the meaning of the phrase a single family dwelling unit, you will find for the [p]laintiffs." However, contrary to the plaintiffs' contention, whether they are owners of an "owner-occupied single family dwelling unit" that is located on property intersected by a school district boundary line, within the meaning of Education Law § 3203 (1) (b), " 'is a question of statutory interpretation, and is, therefore, a question of law for the Court' " to decide, not the jury (*Rivera v Glen Oaks Vil. Owners, Inc.*, 41 AD3d 817, 818 [2007], quoting *Bragg v Genesee County Agric. Socy.*, 84 NY2d 544, 552 [1994], and *Hulett v Niagara Mohawk Power Corp.*, 1 AD3d 999, 1001 [2003]; *see Colon v Rent-A-Center*, 276 AD2d 58, 61 [2000]; *Meier v Ma-Do*

*Bars*, 106 AD2d 143, 145 [1985]; McKinney's Cons Laws of NY, Book 1, Statutes § 77). " 'Statutory interpretation begins with the plain language of the statute; the clearest indicator of legislative intent is the statutory text. Therefore, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof' " (*Matter of Estate of Marin v Bell*, 137 AD3d 783, 783 [2016], quoting *Balsam v Fioriglio*, 123 AD3d 750, 751 [2014] [internal quotation marks omitted]). Here, the plain language of Education Law § 3203 (1) (b) and its legislative history demonstrate that the statute is applicable only where property is improved by one single family dwelling unit, and not multiple single family dwelling units, and where the school district boundary line intersects property that the dwelling unit is located on. The Supreme Court properly determined that the subject 28-unit condominium complex is not "an owner-occupied single family dwelling unit" located on property intersected by a boundary line within the meaning of Education Law § 3203 (1) (b). Therefore, the court properly granted those branches of the school defendants' motion which were to set aside the jury verdict in favor of the plaintiffs on the cause of action for a judgment declaring that the plaintiffs may designate the Tuckahoe District as their school district pursuant to Education Law § 3203 (1), and for judgment as a matter of law as to that cause of action.

The Supreme Court also properly granted those branches of the school defendants' motion which were to set aside the jury verdict in favor of certain plaintiffs on the issue of equitable estoppel and for judgment as a matter of law with respect thereto. " 'A motion for judgment as a matter of law pursuant to CPLR 4401 or 4404 may be granted only when the trial court determines that, upon the evidence presented, there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury upon the evidence presented at trial, and no rational process by which the jury could find in favor of the nonmoving party' " (*Rumford v Singh*, 130 AD3d 1002, 1003-1004 [2015], quoting *Tapia v Dattco, Inc.*, 32 AD3d 842, 844 [2006]; *see Ronessa H. v City of New York*, 101 AD3d 947, 948 [2012]). The party opposing the motion must be afforded the benefit of every reasonable inference which can be drawn from the facts presented at trial, and the facts must be considered in a light most favorable to the nonmovant (*see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *Rumford v Singh*, 130 AD3d at 1004).

Estoppel generally is not available against a municipal de-

fendant with regard to the exercise of its governmental functions or its correction of an administrative error (*see Matter of Daleview Nursing Home v Axelrod*, 62 NY2d 30, 33 [1984]; *Agress v Clarkstown Cent. School Dist.*, 69 AD3d 769, 771 [2010]; *F.A.S.A. Constr. Corp. v Village of Monroe*, 14 AD3d 532, 533 [2005]; *Conquest Cleaning Corp. v New York City School Constr. Auth.*, 279 AD2d 546 [2001]). However, an exception to the general rule applies in "exceptional circumstances" involving the "wrongful or negligent conduct" of a governmental subdivision, or its "misleading nonfeasance," which "induces a party relying thereon to change his position to his detriment" resulting in "manifest injustice" (*Landmark Colony at Oyster Bay v Board of Supervisors of County of Nassau*, 113 AD2d 741, 744 [1985]; *see Bender v New York City Health & Hosps. Corp.*, 38 NY2d 662, 668 [1976]; *Laws Constr. Corp. v Town of Patterson*, 135 AD3d 830 [2016]). Here, there was no valid line of reasoning and permissible inferences from which the jury could rationally have found that the school defendants had engaged in any wrongful or negligent conduct or misleading nonfeasance resulting in "manifest injustice" (*see Matter of E.A.*, 48 Ed Dept Rep 523 [Decision No. 15,936]; *see generally Laws Constr. Corp. v Town of Patterson*, 135 AD3d at 831; *Incorporated Vil. of Freeport v Sanders*, 121 AD2d 430, 430 [1986]), or that caused the plaintiffs to detrimentally change their positions (*see generally Feliciano v New York City Hous. Auth.*, 123 AD3d 876 [2014]; *Matter of Salh v Tax Appeals Trib. of the State of N.Y.*, 99 AD3d 1124 [2012]; *Matter of County of Orange [Al Turi Landfill, Inc.]*, 75 AD3d 224 [2010]; *Delaware County Dept. of Social Servs. v Pontonero*, 31 AD3d 999 [2006]; *Rochester City School Dist. v County of Monroe*, 13 AD3d 1052 [2004]).

Accordingly, the Supreme Court properly granted the school defendants' motion pursuant to CPLR 4401 and 4404 (a). Chambers, J.P., Hall, Austin and LaSalle, JJ., concur. ■