Matter of Forte v New York City Tr. Auth. (2020 NY Slip Op 02608)





Matter of Forte v New York City Tr. Auth.


2020 NY Slip Op 02608


Decided on May 6, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 6, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2017-08139
 (Index No. 4932/16)

[*1]In the Matter of Christopher Forte, appellant,
v
New York City Transit Authority, respondent.


Christopher Forte, Queens Village, NY, appellant pro se.
David I. Farber, Brooklyn, NY (Kathryn Martin and Robert K. Drian of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Transit Authority dated January 25, 2016, which terminated the petitioner's probationary employment as a station agent, the petitioner appeals from a judgment of the Supreme Court, Kings County (Wavny Toussaint, J.), dated June 2, 2017. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
On October 13, 2014, the petitioner was appointed as a station agent for the New York City Transit Authority (hereinafter NYCTA), subject to a probationary period. On March 20, 2015, while off duty, the petitioner suffered injuries in a car accident that prevented him from working. On January 25, 2016, during the probationary period, the NYCTA terminated the petitioner's employment effective January 27, 2016, due to his extended absence from work. The petitioner then commenced this proceeding pursuant to CPLR article 78 against the NYCTA seeking, inter alia, annulment of the NYCTA's determination terminating his employment and reinstatement as a station agent. The Supreme Court denied the petition and dismissed the proceeding.
A probationary employee may "be dismissed for almost any reason, or for no reason at all" (Matter of Venes v Community School Bd. of Dist. 26, 43 NY2d 520, 525; see Matter of Duncan v Kelly, 9 NY3d 1024, 1025). "The employment of a probationary employee may be terminated without a hearing and without a statement of reasons in the absence of a demonstration that the termination was in bad faith, for a constitutionally impermissible or an illegal purpose, or in violation of statutory or decisional law" (Matter of Yonkers Firefighters v City of Yonkers, 165 AD3d 816, 818 [internal quotation marks omitted]).
Here, the record demonstrates that the petitioner was terminated during his probationary period for his extended absence from work. Although the petitioner's absences were due to his injuries suffered in an off-duty car accident, the NYCTA's termination of petitioner's employment on this basis was not in bad faith, for a constitutionally impermissible or an illegal purpose, or in violation of statutory or decisional law (see Matter of Yonkers Firefighters, 165 AD3d at 818; Matter of Williams v Commissioner of Off. of Mental Health of State of N.Y., 259 AD2d 623, [*2]623; Matter of Skidmore v Abate, 213 AD2d 259, 259-260).
Contrary to the petitioner's contention, he failed to demonstrate that the NYCTA should be estopped from terminating his probationary employment based on its alleged promises that he had one year to return to work following his injury or the incorrect information imparted to the petitioner regarding his reinstatement. "Estoppel is generally not available against a municipal defendant with regard to the exercise of its governmental functions or its correction of an administrative error" (Matter of Muller v New York City Dept. of Educ., 142 AD3d 618, 621-622). Moreover, the petitioner has failed to demonstrate that "exceptional circumstances" are present here or that he relied on the NYCTA's promises or mistaken information to his detriment (see Palm v Tuckahoe Union Free Sch. Dist., 141 AD3d 635, 639; Laws Const. Corp. v Town of Patterson, 135 AD3d 830, 831).
The petitioner's remaining contentions are either without merit or improperly raised for the first time on appeal.
Accordingly, we agree with the Supreme Court's determination to deny the petition and dismiss the proceeding.
CHAMBERS, J.P., AUSTIN, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court