Matter of Foreclosure of Tax Liens (City of Newburgh) (2023 NY Slip Op 04381)

Matter of Foreclosure of Tax Liens (City of Newburgh)

2023 NY Slip Op 04381

Decided on August 23, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 23, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2022-06347
 (Index No. 9726/17)

[*1]In the Matter of Foreclosure of Tax Liens, etc. City of Newburgh, appellant.

Michelle Kelson, Corporation Counsel, Newburgh, NY (Jeremy Kaufman of counsel), for appellant.

DECISION & ORDER
In a proceeding pursuant to RPTL article 11 to foreclose tax liens, the petitioner appeals from an order of the Supreme Court, Orange County (Maria Vazquez-Doles, J.), dated January 15, 2021. The order denied, without prejudice, the petitioner's motion for leave to enter a default judgment.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the petitioner's motion for leave to enter a default judgment is granted.
The petitioner, the City of Newburgh, commenced this proceeding pursuant to article 11, title 3 of the Real Property Tax Law to foreclose tax liens against certain properties. On or about September 1, 2020, the City moved for leave to enter a default judgment with respect to each of the properties where no person having a right, title, interest, or lien with respect to the property had answered the petition, appeared in the proceeding, or redeemed the property. Corporation Counsel for the City affirmed that the City complied with the filing and service requirements set forth in article 11 of the Real Property Tax Law and annexed to the motion affidavits of filing, publication, posting, and mailing, among other things.
In an order dated January 15, 2021, the Supreme Court denied the motion without prejudice. The court determined that the City had not submitted sufficient evidence of proper service and had failed to obtain the court's permission to perform service by alternative methods "pursuant to the CPLR." The City appeals, and we reverse.
Real Property Tax Law provides that a proceeding for the foreclosure of tax liens in rem shall be commenced in the manner provided in Real Property Tax Law article 11, title 3 (see id. § 1120). Title 3 sets forth specific requirements for public notice by publication and personal notice to owners and other persons with a right, title, or interest in affected properties (see id. §§ 1124, 1125). RPTL 1125(3)(c) provides that the service required by that section "shall be deemed to be equivalent to the service of a notice of petition pursuant to [CPLR 403]" (emphasis added). Thus, the City was required to comply with the service requirements set forth in the Real Property Tax Law, rather than those set forth in the CPLR (cf. Youngs v Bradley , 237 AD2d 700). The City established that it satisfied the notice and service requirements set forth in the Real Property Tax Law and that it is entitled to a default judgment with respect to the parcels of real property identified in the City's motion (see RPTL 1131, 1136[3]).
Accordingly, we reverse the order and grant the City's motion.
BARROS, J.P., MALTESE, FORD and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court