Matter of Marks v New York City Tr. Auth. (2023 NY Slip Op 04982)

Matter of Marks v New York City Tr. Auth.

2023 NY Slip Op 04982

Decided on October 4, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
LINDA CHRISTOPHER
HELEN VOUTSINAS, JJ.

2021-08854
 (Index No. 2044/19)

[*1]In the Matter of Eisha Marks, appellant, 
v
New York City Transit Authority, respondent.

Roosevelt T. Seymour, Brooklyn, NY, for appellant.
Anna J. Ervolina, Brooklyn, NY (Daniel Chiu and Robert K. Drinan of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Transit Authority dated February 28, 2019, which terminated the petitioner's probationary employment as a bus operator, the petitioner appeals from a judgment of the Supreme Court, Kings County (Devin P. Cohen, J.), dated October 19, 2021. The judgment denied the petition and, in effect, dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
On March 6, 2016, the petitioner was appointed as a bus operator for the New York City Transit Authority (hereinafter NYCTA), subject to a probationary period of one year. The petitioner's probationary period would have expired on March 6, 2017, but for extensions granted based upon the petitioner's absence from work or her written consent to an extension of her probationary period. There was a written agreement to extend her probationary period until February 15, 2019, which noted that she had been involved in two prior motor vehicle accidents, and that any additional accident may result in the termination of her employment. According to NYCTA, the petitioner's probationary period was further extended owing to her absence from work for at least 10 working days.
Meanwhile, on February 9, 2019, the petitioner was involved in a third motor vehicle accident while on duty. On February 28, 2019, NYCTA terminated the petitioner's employment, effective February 25, 2019, due to this third accident. The petitioner then commenced this proceeding pursuant to CPLR article 78 against NYCTA seeking, inter alia, reinstatement as a bus operator. The Supreme Court denied the petition and, in effect, dismissed the proceeding. The petitioner appeals.
A probationary employee "may be dismissed for almost any reason, or for no reason at all" (Matter of Venes v Community School Bd. of Dist. 26, 43 NY2d 520, 525; see Matter of Forte v New York City Tr. Auth., 183 AD3d 562, 563). "The employment of a probationary employee may be terminated without a hearing and without a statement of reasons in the absence of a demonstration that the termination was in bad faith, for a constitutionally impermissible or an illegal purpose, or in violation of statutory or decisional law" (Matter of Yonkers Firefighters v City of Yonkers, 165 AD3d 816, 818 [internal quotation marks omitted]).
Here, the record demonstrates that the petitioner's employment was terminated during her probationary period due to her involvement in three motor vehicle accidents while on duty. The petitioner failed to demonstrate that NYCTA's termination of her employment on this basis was in bad faith, for a constitutionally impermissible or illegal purpose, or in violation of statutory or decisional law (see id.).
Contrary to the petitioner's contention, her probationary period did not expire prior to the termination of her employment. Rather, her probationary period was extended at least 10 working days, owing to her absence from work for at least 10 working days (see Matter of Marshall v Simon, 160 AD3d 648, 649; Personnel Rules and Regs of City of NY [55 RCNY Appendix A] ¶ 5.2.8[b]). "'An agency's interpretation of the statutes and regulations that it administers is entitled to deference, and must be upheld if reasonable'" (Matter of 96 Wythe Acquisition, LLC v Jiha, 165 AD3d 1100, 1101, quoting Matter of ATM One, LLC v New York State Div. of Hous. & Community Renewal, 37 AD3d 714, 714). NYCTA rationally interpreted the applicable regulations in extending the petitioner's probationary period by working days instead of by calendar days (see Matter of Marshall v Simon, 160 AD3d 648, 649), and this method was used to calculate the petitioner's prior extensions.
The petitioner was offered yet an additional extension of her probationary period, but refused to accept it. Furthermore, the petitioner failed to establish that NYCTA failed to properly notify her of its intent to terminate her employment. When her probationary period was extended until February 15, 2019, she was advised that her employment may be terminated if she was involved in another motor vehicle accident.
The petitioner's remaining contentions are without merit.
DILLON, J.P., BARROS, CHRISTOPHER and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court