◼ In the Matter of JOHN WELSH, Appellant, v BERNARD KERIK, as Police Commissioner of the City of New York, Respondent. [757 NYS2d 430] —Order, Supreme Court, New York County (Bruce Allen, J.), entered June 20, 2002, which, inter alia, granted respondent's cross motion to dismiss the petition brought pursuant to CPLR article 78 to annul respondent's determination, dated August 10, 2001, terminating petitioner's probationary employment as a New York City police officer, and denied petitioner's application for a name-clearing hearing, unanimously affirmed, without costs.

As a probationary employee, petitioner was terminable without a hearing and without a statement of the reason for his dismissal in the absence of any demonstration that the termination was accomplished in bad faith, i.e., for a constitutionally impermissible end, or in violation of statutory or decisional law (*see Matter of York v McGuire*, 63 NY2d 760 [1984]). Accordingly, because petitioner did not allege, much less meet his burden to show, bad faith (*see Matter of Bergstein v Board of Educ.*, 34 NY2d 318, 323 [1974]), his petition was properly dismissed. The apparent grounds for the termination of petitioner's probationary employment, while serious, are not so stigmatizing as to support petitioner's application for a name-clearing hearing (*see Matter of Swinton v Safir*, 93 NY2d 758, 763-764 [1999]). Concur—Mazzarelli, J.P., Andrias, Friedman, Marlow and Gonzalez, JJ.