(June 23, 2005)

■ In the Matter of FLORE WITHERSPOON, Appellant, v MARTIN F. HORN, as Commissioner of Correction of the City of New York, et al., Respondents. [800 NYS2d 377]—

Judgment, Supreme Court, New York County (Faviola A. Soto, J.), entered January 21, 2004, which denied the petition brought pursuant to CPLR article 78 and dismissed the proceeding, and order, same court and Justice, entered May 20, 2004, which denied petitioner's motion to renew, unanimously affirmed, without costs.

It is well settled that a probationary employee may be discharged without a hearing or statement of reasons, for any reason or no reason at all, in the absence of a showing that his or her dismissal was in bad faith, for a constitutionally impermissible purpose or in violation of the law (*Matter of Smith v New York City Dept. of Correction*, 292 AD2d 198, 198-199 [2002]; *Matter of Brown v City of New York*, 280 AD2d 368, 370 [2001]). Moreover, "[t]he burden of raising and proving such 'bad faith' is on the employee and the mere assertion of 'bad faith' without the presentation of evidence demonstrating it does not satisfy the employee's burden" (*Matter of Soto v Koehler*, 171 AD2d 567, 568 [1991], *lv denied* 78 NY2d 855 [1991]; *Matter of Taylor v State Univ. of N.Y.*, 13 AD3d 1149 [2004]).

In this matter, petitioner did not shoulder her burden of producing competent proof that she was terminated for an impermissible reason, especially in light of her log entries which indicated she had toured her assigned area during the attack, and that "all appear[ed] to be secure." In addition, we find that petitioner is not entitled to a name-clearing hearing as the apparent grounds for her termination, while serious, are not so stigmatizing as to support her application (*see Matter of Hildebrand v Kerik*, 305 AD2d 181, 182 [2003]; *Matter of Welsh v Kerik*, 304 AD2d 417 [2003], *lv denied* 100 NY2d 510 [2003]). The motion to renew was properly denied for even if the documents submitted by petitioner constituted newly discovered evidence, petitioner still failed to demonstrate that her dismissal was improper. Concur—Buckley, P.J., Andrias, Nardelli, Gonzalez and Sweeny, JJ.