■ MATTHEW STEINBERG, Appellant, v BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK, Respondents. [892 NYS2d 392]—

As an initial matter, to the extent petitioner challenges his termination and seeks reinstatement and back pay, the petition is untimely because it was not filed within four months after petitioner was informed of the determination, and the time to file was not extended by petitioner's administrative appeal of the determination (*see Matter of Strong v New York City Dept. of Educ.*, 62 AD3d 592, 592-593 [2009]).

To the extent petitioner challenges the proceedings of the Chancellor's committee, the petition is timely, but petitioner

failed to demonstrate that he was deprived of a substantial right by the committee, which found in his favor (*see Matter of Persico v Board of Educ., City School Dist., City of N.Y.*, 220 AD2d 512, 513 [1995]).

In any event, the determination to discontinue petitioner's employment was not arbitrary and capricious, but rationally based on the evidence (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]); nor did petitioner demonstrate that it was for a constitutionally impermissible purpose, violative of a statute or performed in bad faith (*see Matter of Frasier v Board of Educ. of City School Dist. of City of N.Y.*, 71 NY2d 763, 765 [1988]). The fact that the director of the Board of Education's Office of Labor Relations and Collective Bargaining reviewed the committee's report in order to render legal advice to the Chancellor's designee did not impermissibly alter the review process mandated by Board of Education bylaws § 4.3.2. Petitioner identified no rule or regulation which barred the Chancellor's designee from obtaining legal advice. Moreover, he conceded that it was the Chancellor's designee and not the director who made the determination. Concur—Saxe, J.P., Catterson, Moskowitz and Abdus-Salaam, JJ.