■ In the Matter of MICHAEL RIESER, Respondent, v NEW YORK CITY DEPARTMENT OF EDUCATION, Appellant. [18 NYS3d 861]—

Order and judgment (one paper), Supreme Court, New York

County (Joan B. Lobis, J.), entered July 25, 2013, which granted the petition seeking to annul respondent Department of Education's (DOE) determination, dated April 18, 2012, discontinuing petitioner's probationary employment, and to expunge the unsatisfactory rating of petitioner's performance as a probationary teacher, unanimously reversed, on the law and the facts, without costs, the petition denied, and the proceeding brought pursuant to CPLR article 78, dismissed.

Petitioner failed to preserve his argument regarding the composition of the Chancellor's Committee, as he did not raise it at the administrative hearing (*see Matter of Seitelman v Lavine*, 36 NY2d 165, 170 [1975]). In any event, a substantial right of petitioner was not violated, since the Committee ruled unanimously in his favor (*see Steinberg v Board of Educ. of the City School Dist. of the City of N.Y.*, 69 AD3d 449, 449-450 [1st Dept 2010]).

Petitioner failed to show that DOE's determination to discontinue his probationary employment was made in bad faith, for a constitutionally impermissible purpose, or in violation of the law (*see Kahn v New York City Dept. of Educ.*, 18 NY3d 457, 471 [2012]). Nor did he show that his unsatisfactory rating was arbitrary and capricious (*see Matter of Storman v New York City Dept. of Educ.*, 95 AD3d 776, 777-778 [1st Dept 2012], *appeal dismissed* 19 NY3d 1023 [2012]). DOE's determination and petitioner's rating were rationally supported by, among other things, witness statements and the principal's letter describing his investigation and finding that petitioner had used corporal punishment on a special education student (*see Matter of Johnson v Katz*, 68 NY2d 649, 650 [1986]; *Matter of Murnane v Department of Educ. of the City of N.Y.*, 82 AD3d 576, 576 [1st Dept 2011]). There is no indication that the principal or DOE made their decisions in bad faith (*see id.*). Concur—Friedman, J.P., Acosta, Renwick, Andrias and Moskowitz, JJ. **[Prior Case History: 2013 NY Slip Op 31630(U).]**