■ In the Matter of ANDREA MULLER, Appellant, v NEW YORK CITY DEPARTMENT OF EDUCATION et al., Respondents. [37 NYS3d 138]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the New York City Department of Education dated June 14, 2013, which denied the petitioner certification of completion of probation, discontinued her probationary employment as a teacher, and recommended that her license be terminated, the petitioner appeals from a judgment of the Supreme Court, Queens County (Kitzes, J.),

entered June 26, 2014, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner was hired by the respondent New York City Department of Education (hereinafter the DOE) as an elementary school teacher for a three-year probationary period commencing in August 2008 and assigned to PS 219 in Queens. Following the 2009-2010 school year, PS 219 was forced to excess several teachers, and due to her lack of seniority, the petitioner was excessed from her position at PS 219. She then obtained a teaching position at PS 165 in Queens for the 2010-2011 school year. During the 2010-2011 school year, the petitioner received unsatisfactory ratings on several observation reports. At the end of the school year, she agreed to waive her rights to tenure and to continue as a probationary teacher for another year at PS 165. During the 2011-2012 school year, the petitioner received satisfactory ratings on her formal observation reports. At the end of the year, she again agreed to waive her rights to tenure and to continue as a probationary teacher for another year at PS 165. During the 2012-2013 school year, two of the petitioner's three formal observations were rated unsatisfactory, one of her informal observations was rated unsatisfactory, and her performance was declared unsatisfactory for the school year. At the end of the 2012-2013 school year, the DOE denied the petitioner certification of completion of probation, discontinued her probationary employment, and recommended that her license be terminated.

The petitioner commenced this CPLR article 78 proceeding against the DOE and the City of New York seeking, inter alia, annulment of the DOE's determination on the grounds that it was illegal, arbitrary and capricious, and made in bad faith and in violation of her constitutional, statutory, and contractual rights, with tenure and back pay, or, in the alternative, a hearing pursuant to CPLR 7804 (h) with respect to these issues. The petitioner also alleged that she was entitled to a hearing under Education Law § 3020-a pursuant to the provisions of her union's collective bargaining agreement (hereinafter CBA). In their answer, the respondents asserted that the petitioner had failed to file a grievance under the terms of the CBA concerning her contention that she was entitled to a hearing under Education Law § 3020-a, and, therefore, the petitioner failed to exhaust her grievance remedies under the CBA and was barred from raising this contention in this proceeding. In response, the petitioner argued that the respondents should be equitably estopped from raising the exhaustion of remedies

defense because they misled her into believing that the only process available to her for the review of the DOE's determination was an internal review procedure. The Supreme Court denied the petition and dismissed the proceeding without a hearing. The petitioner appeals.

"It is a basic policy underlying Education Law § 2573 (1) (a) that the responsibility for selecting probationary teachers and evaluating them for appointment on tenure should lie with the Board of Education upon appropriate recommendation of its professional administrators" (*Matter of Frasier v Board of Educ. of City School Dist. of City of N.Y.*, 71 NY2d 763, 766 [1988]). A teacher's employment may be terminated during his or her probationary period for any reason, or no reason at all, and without a hearing, unless the teacher establishes that his or her employment was terminated for a constitutionally impermissible purpose, in violation of a statutory proscription, or in bad faith (*see Matter of Speichler v Board of Coop. Educ. Servs., Second Supervisory Dist.*, 90 NY2d 110, 114 [1997]; *Matter of Frasier v Board of Educ. of City School Dist. of City of N.Y.*, 71 NY2d at 765; *James v Board of Educ. of Cent. School Dist. No. 1 of Towns of Orangetown & Clarkstown*, 37 NY2d 891, 892 [1975]; *Sweeny v Millbrook Cent. Sch. Dist.*, 130 AD3d 1011, 1012 [2015]; *Matter of Capece v Schultz*, 117 AD3d 1045, 1046 [2014]). " 'The petitioner bears the burden of establishing bad faith or illegal reasons by competent evidence' " (*Matter of Deitch v City of New York*, 90 AD3d 924, 925 [2011], quoting *Matter of Robinson v Health & Hosps. Corp.*, 29 AD3d 807, 809 [2006]; *see Matter of Witherspoon v Horn*, 19 AD3d 250, 251 [2005]).

Here, the petitioner's conclusory and unsubstantiated allegation that the DOE's determination was the result of age discrimination was insufficient to sustain her burden of demonstrating that she was denied tenure or discharged from probationary employment for a constitutionally impermissible purpose, in violation of a statutory proscription, or in bad faith (*see generally Matter of Petkewicz v Allers*, 137 AD3d 1045 [2016]; *Matter of Engoren v County of Nassau*, 163 AD2d 520 [1990]). The petitioner's assertion that she was not given a chance to conduct discovery to acquire evidence to support her allegations is without merit, as she did not move for leave to conduct discovery (*see* CPLR 408; *Matter of Town of Pleasant Val. v New York State Bd. of Real Prop. Servs.*, 253 AD2d 8, 15 [1999]). The evidence in the record demonstrating that the petitioner received unsatisfactory ratings on several observation reports in the 2012-2013 school year establishes that the

DOE denied the petitioner tenure, terminated her probationary employment, and recommended termination of her license in good faith, and that the DOE's determination was rationally based and was not arbitrary and capricious (*see Matter of Files v Department of Educ. of the City of N.Y.*, 118 AD3d 624, 625 [2014]; *Matter of Fichter v Egan*, 223 AD2d 516, 516 [1996]; *Matter of Manel v Mosca*, 216 AD2d 468, 469 [1995]; *Matter of Berry v Perales*, 195 AD2d 926, 930 [1993]). Based on the same evidence, the unsatisfactory rating given to the petitioner for the entire 2012-2013 school year was not arbitrary and capricious or made in bad faith (*see Matter of Brennan v City of New York*, 123 AD3d 607 [2014]; *Matter of Cohn v Board of Educ. of the City Sch. Dist. of the City of N.Y.*, 102 AD3d 586 [2013]; *Matter of Murnane v Department of Educ. of the City of N.Y.*, 82 AD3d 576 [2011]; *Batyreva v New York City Dept. of Educ.*, 50 AD3d 283 [2008]). The fact that the petitioner received some favorable evaluations from her supervisors and positive recommendations from her colleagues during her probationary period was not sufficient to raise a triable issue of fact as to the DOE's alleged bad faith (*see Matter of Weir v State of N.Y. Thruway Auth.*, 231 AD2d 836 [1996]; *Matter of York v McGuire*, 99 AD2d 1023, 1024 [1984], *affd* 63 NY2d 760 [1984]). Accordingly, no hearing was required pursuant to CPLR 7804 (h) on the issue of the respondents' alleged age discrimination or bad faith (*see Matter of Johnson v Katz*, 68 NY2d 649, 650 [1986]; *Matter of Rogan v Nassau County Civ. Serv. Commn.*, 91 AD3d 658, 659 [2012]; *cf.* CPLR 7804 [h]).

Moreover, the Supreme Court properly determined that the petitioner was not entitled to a hearing under Education Law § 3020-a pursuant to the terms of the CBA because she failed to avail herself of the grievance procedure set forth in the CBA. "[A]n aggrieved union member whose employment is subject to the terms of a collective bargaining agreement entered into by his [or her] union and employer must first avail himself [or herself] of the grievance procedure set forth in the agreement before he [or she] can commence an action in court" (*Matter of Cantres v Board of Educ. of City of N.Y.*, 145 AD2d 359, 360 [1988]). Here, the petitioner failed to file a grievance pursuant to the mechanism set forth in the CBA to dispute the DOE's failure to provide her with a hearing under Education Law § 3020-a (*see Matter of Plummer v Klepak*, 48 NY2d 486, 489 [1979]).

Contrary to the petitioner's contention, she failed to establish that the respondents should be equitably estopped from asserting that she did not exhaust her remedies under the CBA.

Estoppel is generally not available against a municipal defendant with regard to the exercise of its governmental functions or its correction of an administrative error (*see Matter of Daleview Nursing Home v Axelrod*, 62 NY2d 30, 33 [1984]; *Agress v Clarkstown Cent. School Dist.*, 69 AD3d 769, 771 [2010]; *Conquest Cleaning Corp. v New York City School Constr. Auth.*, 279 AD2d 546 [2001]). However, an exception to the general rule applies in "exceptional circumstances" involving the "wrongful or negligent conduct" of a governmental subdivision, or its "misleading nonfeasance," which "induces a party relying thereon to change his [or her] position to his [or her] detriment" resulting in "manifest injustice" (*Landmark Colony at Oyster Bay v Board of Supervisors of County of Nassau*, 113 AD2d 741, 744 [1985]; *see Bender v New York City Health & Hosps. Corp.*, 38 NY2d 662, 668 [1976]; *Laws Constr. Corp. v Town of Patterson*, 135 AD3d 830 [2016]). The petitioner failed to establish that the respondents engaged in wrongful or negligent conduct or misleading nonfeasance that resulted in manifest injustice such that equitable estoppel should be invoked against them (*see generally Laws Constr. Corp. v Town of Patterson*, 135 AD3d at 831; *Incorporated Vil. of Freeport v Sanders*, 121 AD2d 430, 430 [1986]).

Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding without a hearing. Balkin, J.P., Roman, Cohen and Connolly, JJ., concur.