■ In the Matter of Stephanie Kriloff, Respondent, v New York City Department of Education, Appellant. [60 NYS3d 676]—Order and judgment (one paper), Supreme Court, New York County (Charles E. Ramos, J.), entered August 17, 2016, annulling respondent's determination, dated March 25, 2015, which discontinued petitioner's probationary employment as a teacher, unanimously reversed, on the law, without costs, the determination reinstated, and the proceeding brought pursuant to CPLR article 78 dismissed.

Petitioner failed to show that respondent's discontinuation of her probationary employment was done in bad faith, for a constitutionally impermissible purpose, or in violation of the law (*see Matter of Mendez v New York City Dept. of Educ.*, 28 NY3d 993 [2016]). Petitioner contends that respondent erred in concluding that her actions—taking hold of the arm of a nonverbal, special-needs student as he lay on the floor writhing and physically dragging him approximately eight feet across the hall to the classroom he had exited without permission—constituted prohibited corporal punishment. This contention is insufficient to establish that respondent reached its conclusion in bad faith or for an impermissible reason (*see id.*; *Matter of Rieser v New York City Dept. of Educ.*, 133 AD3d 465 [1st Dept 2015]). Concur—Tom, J.P., Mazzarelli, Andrias, Oing and Singh, JJ.