(December 12, 2017)

■ In the Matter of STEPHANIE BROWN, Respondent, v BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK et al., Appellants. [68 NYS3d 38]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered January 5, 2015, which granted the petition brought pursuant to CPLR article 78 to, among other things, annul respondents' determination, dated January 9, 2013, reaffirming the June 25, 2012 unsatisfactory rating of petitioner's performance for the 2011-2012 school year and the discontinuance of petitioner's probationary service as an assistant principal at Community School 44, and ordered respondents to turn over to petitioner a complete and unredacted copy of the Chancellor's Committee report, unanimously reversed, on the law and the facts, without costs, the petition denied in its entirety, and the proceeding dismissed.

Petitioner's claim for reinstatement of probationary service is time-barred, because her petition was not filed within four months of her last work day of September 4, 2012 (*see Kahn v New York City Dept. of Educ.*, 18 NY3d 457, 472 [2012]).

Supreme Court erroneously annulled the unsatisfactory rating (U-rating) for the 2011-2012 school year. We have consistently held that a U-rating must be upheld where there is evidence in the record that rationally supports that determination

(*see Matter of Murnane v Department of Educ. of the City of N.Y.*, 82 AD3d 576 [1st Dept 2011]; *Matter of Brennan v City of New York*, 123 AD3d 607, 608 [1st Dept 2014]). Moreover, a U-rating will be upheld unless a petitioner can demonstrate that it was made in bad faith or in violation of lawful procedure or a substantial right (*see Matter of Richards v Board of Educ. of the City Sch. Dist. of the City of N.Y.*, 117 AD3d 605, 606 [1st Dept 2014]; *Matter of Cohn v Board of Educ. of the City Sch. Dist. of the City of N.Y.*, 102 AD3d 586, 587 [1st Dept 2013]).

A petitioner bears the burden of proving bad faith, and merely asserting it is insufficient to satisfy that burden (*Matter of Witherspoon v Horn*, 19 AD3d 250, 251 [1st Dept 2005]; *Pagan v Board of Educ. of City School Dist. of City of N.Y.*, 56 AD3d 330, 330-331 [1st Dept 2008]). Speculation or conclusory allegations of bad faith are simply not sufficient to meet that burden (*see Matter of Che Lin Tsao v Kelly*, 28 AD3d 320, 321 [1st Dept 2006]). "Evidence in the record supporting the conclusion that performance was unsatisfactory establishes that the discharge was made in good faith" (*Matter of Johnson v Katz*, 68 NY2d 649, 650 [1986]; *Matter of Richards*, 117 AD3d at 606).

Applying these principles to this case, it is evident that petitioner failed to meet her burden. Petitioner failed to attach the transcript of the hearing to her petition, and did not identify which, if any, of the documents that she submitted were offered as evidence at the hearing. Accordingly, we have no record on which we can evaluate her claims. Therefore, she did not meet her burden of proof and the U-rating should not have been set aside (*see Matter of Rieser v New York City Dept. of Educ.*, 133 AD3d 465, 466 [1st Dept 2015]; *Matter of Storman v New York City Dept. of Educ.*, 95 AD3d 776, 778 [1st Dept 2012], *appeal dismissed* 19 NY3d 1023 [2012]).

There is no basis for turning over the Chancellor's Committee report. Concur—Sweeny, J.P., Moskowitz, Kahn and Gesmer, JJ.