Matter of Lane v DiNapoli (2020 NY Slip Op 00198)





Matter of Lane v DiNapoli


2020 NY Slip Op 00198


Decided on January 9, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 9, 2020

528925

[*1]In the Matter of Robert T. Lane, Petitioner,
v
Thomas D. Dinapoli, as State Comptroller, et al., Respondents.

Calendar Date: November 12, 2019

Before: Garry, P.J., Egan Jr., Lynch and Aarons, JJ.


Richard C. Hand, Brightwaters, for petitioner.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondents.



Aarons, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller, among other things, denying petitioner's application for military service credit in the calculation of his retirement benefits.
In 1966, petitioner graduated from the State University Maritime College with a Bachelor's degree in marine engineering, a United States Coast Guard marine officer's license and the commission of ensign in the United States Naval Reserve. When he graduated, petitioner was required to serve six years of military service in the Naval Reserve. At that time, the Vietnam war was escalating and ships that had been placed in storage were put back in service and recommissioned to transport supplies to support the war effort. Under the Naval Training and Service Agreement, newly commissioned Naval Reserve officers, like petitioner, who were licensed by the Coast Guard, were qualified to sail these vessels, the majority of which were cargo ships owned by civilian companies. Petitioner sailed these ships in the merchant marine from June 1966 until April 1969. After that, he joined a naval reserve unit and was honorably discharged in February 1979.
In March 1980, petitioner began working as an engineer for the New York Power Authority. In January 2001, he submitted an application to respondent New York State and Local Retirement System to purchase military service credit in order to increase his pension benefits. Although his application was initially denied, petitioner was subsequently advised that it had been approved. In exchange for a nonrefundable payment of $5,088.10, petitioner was awarded 1.53 years of additional service credit toward his pension benefits. In January 2003, he retired and began receiving pension benefits that included the previously approved military service credit.
In October 2017, petitioner received a letter from the Retirement System advising him that it had made an error in granting him military service credit toward his pension benefits. Specifically, he was informed that his service with the merchant marine did not qualify as military duty under Military Law § 243 and, consequently, military service credit was not available to him. In addition, he was informed that his pension benefits would be reduced, his payment of $5,088.10 would be refunded with interest and that he was responsible for repaying the amount of the overpayment of benefits that he had already received. Petitioner sought administrative review and, following a hearing, a Hearing Officer upheld the Retirement System's determination. Thereafter, respondent Comptroller adopted the Hearing Officer's decision, and petitioner commenced this CPLR article 78 proceeding challenging it.
Upon an application to the Retirement System, a member "may obtain a total not to exceed three years of service credit for up to three years of military duty, as defined in [Military Law § 243] if the member was honorably discharged from the military" (Retirement and Social Security Law § 1000 [1]). Military Law § 243 (1) (b) provides, in relevant part, that military duty includes "service in the merchant marine which shall consist of service as an officer or member of the crew on or in connection with a vessel . . . owned by, chartered to, or operated by or for the account or use of the government of the United States . . . and who served satisfactorily as a crew member during the period of armed conflict, [December 17, 1941] to [August 15, 1945] aboard merchant vessels." Clearly, petitioner's service in the merchant marine from 1966 to 1969 did not fall within the time parameters set forth in the statute.
Petitioner also failed to establish that his service aboard merchant vessels constituted active military duty as a Naval Reserve officer. This Court has recognized that only "active duty, which excludes temporary and intermittent . . . service in any reserve . . . force, shall be creditable" for purposes of Retirement and Social Security Law § 1000 and Military Law § 243 (1) (b) (Matter of McMorrow v Hevesi, 6 AD3d 925, 927 [2004] [internal quotation marks and citation omitted]). The record discloses that petitioner was paid by the owners of the vessels on which he sailed, not by the Navy. In addition, he never received any order from the Navy directing him to sail on a particular vessel or otherwise instructing him to report to specific active duty while he was serving on these vessels. He stated that he was not aware of any other naval officers serving on these vessels and conceded that he did not qualify for veteran's benefits as a result of his service. Furthermore, the discharge papers given to him upon the conclusion of his service were issued by the Coast Guard, not the Navy, and did not reference his commissioned rank in the Navy. Although there was evidence in the record that could lead to a different result, because substantial evidence supports the Comptroller's determination that petitioner was not entitled to military credit under the governing statutes, we will not disturb it (see id. at 927; see also Matter of Canzoneri v Hevesi, 21 AD3d 639, 639-640 [2005], lv denied 5 NY3d 715 [2005]).
Petitioner further contends that he was erroneously directed to repay the pension benefits mistakenly paid to him. The Comptroller, however, had no choice but to seek recoupment of such benefits, as the Comptroller has a duty to correct errors in order to ensure the integrity of the public retirement system (see Retirement and Social Security Law § 111 [c]; Matter of Mowry v DiNapoli, 111 AD3d 1117, 1120 [2013]). Notably, "[the Comptroller] is not estopped from doing so because of errors committed by its officials" (Matter of Ginocchio v New York State Employees' Retirement Sys., 136 AD2d 789, 791 [1988]; see Matter of Grella v Hevesi, 38 AD3d 113, 117-118 [2007]). We have considered petitioner's remaining claims and find them to be unavailing.
Garry, P.J., Egan Jr. and Lynch, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.