Matter of Kinkle-Ansah v New York City Dept. of Educ. (2020 NY Slip Op 07384)





Matter of Kinkle-Ansah v New York City Dept. of Educ.


2020 NY Slip Op 07384


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2018-09367
 (Index No. 240/18)

[*1]In the Matter of Myrna Kinkle-Ansah, respondent,
v
New York City Department of Education, et al., appellants.


Zachary W. Carter, Corporation Counsel, New York, NY (Kathy Chang Park and Daniel Matza-Brown of counsel), for appellants.
Levine & Gilbert, New York, NY (Harvey A. Levine of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of Philip Weinberg, Deputy Chancellor for Teaching and Learning of the New York City Department of Education, dated November 15, 2017, which sustained a determination of Terri Grey, Rating Officer and Principal of Bronx High School for Writing and Communication Arts, dated June 27, 2017, rating the petitioner's performance as unsatisfactory, the New York City Department of Education and the New York City Department of Education Division of Human Resources appeal from a judgment of the Supreme Court, Kings County (Francois A. Rivera, J.), dated May 11, 2018. The judgment granted the petition, annulled the determination sustaining the rating of unsatisfactory, and substituted a determination rating the petitioner's performance as satisfactory.
ORDERED that the judgment is reversed, on the law, with costs, the petition is denied, and the determination is confirmed.
The petitioner has been employed by the appellant New York City Department of Education (hereinafter the DOE) as a teacher of library or as a librarian since 2000. At the conclusion of the 2016-2017 school year, the petitioner's performance was reviewed by her supervising principal, Terri Grey. Grey rated the petitioner's overall performance as unsatisfactory. The petitioner filed an administrative appeal of the rating of unsatisfactory. By letter dated November 15, 2017, Philip Weinberg, the DOE's Deputy Chancellor for Teaching and Learning, denied the petitioner's appeal and sustained the rating of unsatisfactory. The petitioner then commenced this proceeding to review Weinberg's determination. After a hearing, the Supreme Court determined that Weinberg's determination was arbitrary and capricious and that the rating of unsatisfactory was not rational. By judgment dated May 11, 2018, the court granted the petition, annulled the determination sustaining the rating of unsatisfactory, and substituted a determination rating the petitioner's performance as satisfactory. This appeal ensued.
"[A]dministrative decisions of educational institutions involve the exercise of highly specialized professional judgment and these institutions are, for the most part, better suited to make relatively final decisions concerning wholly internal matters" (Maas v Cornell Univ., 94 NY2d 87, 92; see Wander v St. John's Univ., 99 AD3d 891, 893). A court should not overturn a petitioner's [*2]rating of unsatisfactory unless it is arbitrary and capricious, made in bad faith, or contrary to the law (see Matter of Muller v New York City Dept. of Educ., 142 AD3d 618, 621; Matter of Hicks v Department of Educ. of the City of N.Y., 141 AD3d 430, 430; Matter of Rieser v New York City Dept. of Educ., 133 AD3d 465, 466).
Contrary to the petitioner's contention, she failed to demonstrate that the rating of unsatisfactory was arbitrary or capricious. The evidence in the record demonstrated that the rating of unsatisfactory was based on incidents of misconduct, unprofessionalism in interacting with other teachers, and insubordination. As Weinberg's determination was rational, the Supreme Court should not have supplanted the judgment of the DOE with its own (see Matter of Peckham v Calogero, 12 NY3d 424, 431). Accordingly, we reverse the judgment, deny the petition, and confirm Weinberg's determination.
SCHEINKMAN, P.J., DILLON, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court