Matter of Taranto v City of Glen Cove (2023 NY Slip Op 00325)

Matter of Taranto v City of Glen Cove

2023 NY Slip Op 00325

Decided on January 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2019-14270
 (Index No. 607419/19)

[*1]In the Matter of Vincent P. Taranto, appellant,
v
City of Glen Cove, respondent.

Vitale & Levitt, P.C., Melville, NY (Paul E. Levitt of counsel), for appellant.
Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., Garden City, NY (Joseph E. Macy and Nicholas Tuffarelli of counsel), for respondent.

DECISION & ORDER
In a proceeding, inter alia, pursuant to CPLR article 78 to review so much of a resolution of the City of Glen Cove dated May 28, 2019, as terminated the petitioner's retirement health insurance benefits, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Thomas Feinman, J.), entered November 14, 2019. The judgment, insofar as appealed from, denied that branch of the petition which was to estop the City of Glen Cove from terminating the petitioner's retirement health insurance benefits and dismissed that portion of the proceeding.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
From approximately 2007 to 2014, the petitioner was employed as the city attorney for the City of Glen Cove. In 2007, the City elected to provide certain employees with health insurance benefits through the New York State Health Insurance Plan (hereinafter NYSHIP). The City also elected to provide NYSHIP benefits to certain eligible retirees. On or about December 13, 2011, the City passed Resolution 6E, which suspended health insurance benefits for certain categories of its active employees, including the city attorney. The petitioner, as the city attorney, assisted in the drafting of the resolution. At the time, according to the petitioner, he was told by the director of personnel for the City that he would be allowed to continue to receive insurance through NYSHIP as a constructive retiree, while deferring his actual retirement date for pension purposes. The petitioner continued to receive health insurance benefits from the City, remained employed as the city attorney until he separated from his employment with the City on or about December 31, 2013, and applied for retirement effective March 7, 2014.
In or about February 2019, the City commissioned an audit on the eligibility of its retirees to continue to receive NYSHIP retiree benefits. The audit concluded that the petitioner was not eligible to receive postretirement health insurance through NYSHIP because he "retired after the suspension in the City Attorney's health insurance." On May 28, 2019, the City passed Resolution 6B, which, among other things, adopted the recommendations of the audit and terminated the petitioner's retirement health insurance benefits, effective June 1, 2019.
The petitioner commenced this proceeding pursuant to CPLR article 78, in effect, to annul so much of Resolution 6B as terminated the petitioner's retirement health insurance benefits [*2]or to estop the City from terminating his retirement health benefits. The petitioner argued, inter alia, that the resolution was arbitrary, capricious, and an abuse of discretion, and that the City's errors in advising the petitioner regarding the effects of Resolution 6E amounted to a manifest injustice warranting estoppel.
By a judgment entered November 14, 2019, the Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals from so much of the judgment as denied that branch of the petition which was to estop the City from terminating his retirement health insurance benefits, and dismissed that portion of the proceeding.
"A municipal resolution is, in general, a unilateral action that is temporary in nature and, thus, it does not create any vested contractual rights" (Matter of Aeneas McDonald Police Benevolent Assn. v City of Geneva, 92 NY2d 326, 333). Local governments are free to terminate retirement health insurance and other benefits they may have previously elected to provide to employees and other officials (see Matter of Weaver v Town of N. Castle, 153 AD3d 531, 534; Iasillo v Pilla, 120 AD3d 1192, 1193; Matter of Kapell v Incorporated Vil. of Greenport, 63 AD3d 940, 941; Matter of Handy v County of Schoharie, 244 AD2d 842, 843-844). Contrary to the petitioner's contention, he failed to establish that the City should be equitably estopped from terminating his insurance.
As a general rule, estoppel may not be invoked against a governmental body with regard to the exercise of its governmental functions or its correction of an administrative error (see Matter of New York State Med. Transporters Assn. v Perales, 77 NY2d 126, 130; Matter of Daleview Nursing Home v Axelrod, 62 NY2d 30, 33; Matter of Muller v New York City Dept. of Educ., 142 AD3d 618, 622). An exception to the general rule applies only in the "rarest of cases" (Matter of New York State Med. Transporters Assn. v Perales, 77 NY2d at 130 [internal quotation marks omitted]), usually "involving the wrongful or negligent conduct of a governmental subdivision, or its misleading nonfeasance, which induces a party relying thereon to change his or her position to his or her detriment resulting in manifest injustice" (Matter of Muller v New York City Dept. of Educ., 142 AD3d at 622 [alterations and internal quotation marks omitted]; see Holdman v Office of Ct. Admin., 118 AD3d 447, 448; Matter of Grella v Hevesi, 38 AD3d 113, 117).
Here, the petitioner failed to establish that this matter falls within the narrow exception warranting estoppel against a government body (see Matter of New York State Med. Transporters Assn. v Perales, 77 NY2d at 130; Holdman v Office of Ct. Admin., 118 AD3d at 447-448; Matter of Grella v Hevesi, 38 AD3d at 117-118).
IANNACCI, J.P., CHAMBERS, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court