Matter of Terelle v New York City Dept. of Educ. (2023 NY Slip Op 03921)

Matter of Terelle v New York City Dept. of Educ.

2023 NY Slip Op 03921

Decided on July 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2020-06769
 (Index No. 80026/19)

[*1]In the Matter of Victoria Terelle, appellant, 
v
New York City Department of Education, respondent.

Roger Bennet Adler, P.C., New York, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Deborah A. Brenner and Jonathan A. Popolow of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Department of Education dated January 9, 2019, which denied the petitioner certification of completion of probation and discontinued her probationary employment as a teacher, the petitioner appeals from a judgment of the Supreme Court, Richmond County (Catherine DiDomenico, J.), dated July1, 2020. The judgment, after a hearing, inter alia, denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The respondent, New York City Department of Education, hired the petitioner as a speech improvement teacher for a three-year probationary period commencing in March 2014. In January 2017, the petitioner agreed to waive her rights to tenure and to continue as a probationary teacher for another year, in order to give her more time to develop additional evidence in support of a grant of tenure. However, during the 2017-2018 school year, the petitioner received an unsatisfactory observation rating and a disciplinary "letter to file." In January 2018, the petitioner again agreed to extend her probationary service for another year. During the 2018-2019 school year, the petitioner received two more letters to file. In January 2019, the respondent denied the petitioner certification of completion of probation and discontinued her probationary employment.
The petitioner commenced this proceeding pursuant to CPLR article78 to review the respondent's determination. The Supreme Court, after a hearing pursuant to CPLR 7804(h), inter alia, denied the petition and dismissed the proceeding. The petitioner appeals.
Contrary to her contention, the petitioner freely, knowingly, and voluntarily waived her rights to tenure (see Matter of Feinerman v Board of Coop. Educ. Servs. of Nassau County, 48 NY2d 491, 496; Matter of Costello v Board of Educ. of E. Islip Union Free School Dist., 250 AD2d 846, 846; Matter of Juul v Board of Educ. of Hempstead School Dist. No. 1, Hempstead, 76 AD2d 837, 838, affd 55 NY2d 648). Moreover, the record demonstrates that the respondent did not coerce or place the petitioner under duress to induce her to sign the probation extension agreements (see Matter of Feinerman v Board of Coop. Educ. Servs. of Nassau County, 48 NY2d at 496; Matter of Juul v Board of Educ. of Hempstead School Dist. No. 1, Hempstead, 76 AD2d at 838).
The petitioner contends that she had acquired the right to a hearing under Education Law § 3020-a, regarding the discontinuation of her probationary employment, pursuant to the terms [*2]of the relevant collective bargaining agreement (hereinafter CBA). "'[A]n aggrieved union member whose employment is subject to the terms of a collective bargaining agreement entered into by his [or her] union and employer must first avail himself [or herself] of the grievance procedure set forth in the agreement before he [or she] can commence an action in court'" (Matter of Muller v New York City Dept. of Educ., 142 AD3d 618, 621, quoting Matter of Cantres v Board of Educ. of City of N.Y., 145 AD2d 359, 360). Here, the petitioner failed to file a grievance pursuant to the procedure set forth in the CBA to dispute the respondent's failure to provide her with a hearing under Education Law § 3020-a (see Matter of Muller v New York City Dept. of Educ., 142 AD3d at 621).
A probationary teacher "may be terminated during his or her probationary period for any reason, or no reason at all, and without a hearing, unless the teacher establishes that his or her employment was terminated for a constitutionally impermissible purpose, in violation of a statutory proscription, or in bad faith" (id. at 620). "The petitioner bears the burden of establishing bad faith or illegal reasons by competent evidence" (id. [internal quotation marks omitted]).
Here, the evidence demonstrates that the petitioner received multiple letters to file, that she received an unsatisfactory observation rating, and that she lacked professionalism during her probationary employment. This evidence demonstrated that the respondent denied the petitioner tenure and discontinued her probationary employment in good faith (see Matter of Johnson v Katz, 68 NY2d 649, 650) and that the respondent's determination was rationally based and not arbitrary and capricious (see Matter of Muller v New York City Dept. of Educ., 142 AD3d at 621; Matter of Harrison v Goldstein, 204 AD2d 451, 452).
Accordingly, the Supreme Court properly, inter alia, denied the petition and dismissed the proceeding.
The petitioner's remaining contentions are without merit.
CONNOLLY, J.P., IANNACCI, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court