Receivable Collection Servs., LLC v Nassau County (2024 NY Slip Op 02551)

Receivable Collection Servs., LLC v Nassau County

2024 NY Slip Op 02551

Decided on May 8, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 8, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2022-04182
 (Index No. 612324/19)

[*1]Receivable Collection Services, LLC, appellant,
v
Nassau County, etc., respondent.

Robert L. Arleo, Esq. P.C., New York, NY, for appellant.
Thomas A. Adams, County Attorney, Mineola, NY (Robert V. Van der Waag and Samantha A. Goetz of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Jerome C. Murphy, J.), entered April 13, 2022. The order granted the defendant's motion for summary judgment dismissing the complaint as time-barred.
ORDERED that the order is affirmed, with costs.
In May 2014, the plaintiff, a collections service provider, entered into a contract with the defendant by which the plaintiff was to perform collection services for outstanding parking, red light, and traffic tickets on behalf of the defendant over a two-year period. The contract provided, in relevant part, that the defendant would make payments to the plaintiff up to one year after the plaintiff provided its services. Moreover, the contract also provided that no action shall lie by the plaintiff against the defendant unless commenced within one year of the accrual of a cause of action.
The plaintiff commenced this action in September 2019, alleging that the defendant breached the contract in April 2015 and continuously thereafter through the expiration of the contract in May 2016. The defendant moved for summary judgment dismissing the complaint as time-barred. In an order entered April 13, 2022, the Supreme Court granted the motion. The plaintiff appeals.
"[A]n agreement which modifies the Statute of Limitations by specifying a shorter, but reasonable, period within which to commence an action is enforceable provided it is in writing" (John J. Kassner & Co. v City of New York, 46 NY2d 544, 551 [citation omitted]; see Van Der Velde v New York Prop. Underwriting Assn., 205 AD3d 970, 971). The circumstances surrounding the limitation period, not its duration, determine reasonableness (see Executive Plaza, LLC v Peerless Ins. Co., 22 NY3d 511, 519). Courts have found the circumstances to be unreasonable when the limitation period "act[s] to nullify any claim the plaintiff might have for breach of the [ ]contract" (D & S Restoration, Inc. v Wenger Constr. Co., Inc., 160 AD3d 924, 926; see Executive Plaza, LLC v Peerless Ins. Co., 22 NY3d at 518-519; Digesare Mech., Inc. v U.W. Marx, Inc., 176 AD3d 1449, 1451-1452; AWI Sec. & Investigations, Inc. v Whitestone Constr. Corp., 164 AD3d 43, 47-48).
Here, the defendant established, prima facie, that the action was time-barred as the plaintiff failed to commence it within the one-year limitation period set forth in the contract (see Van [*2]Der Velde v New York Prop. Underwriting Assn., 205 AD3d at 971). In opposition, the plaintiff failed to raise a triable issue of fact as to the enforceability of the agreed-upon limitation period, and thus, the timeliness of this action.
The plaintiff's contention, in the alternative, that the defendant should be equitably estopped from relying on the limitation period is without merit. The doctrine of equitable estoppel is generally applied when "it would be unjust to allow a defendant to assert a statute of limitations defense" (Zumpano v Quinn, 6 NY3d 666, 673). The doctrine's application depends on affirmative misconduct by the defendant, and "[i]t is therefore fundamental to the application of equitable estoppel for plaintiffs to establish that subsequent and specific actions by defendants somehow kept them from timely bringing suit" (id. at 674; see Jacobson Dev. Group, LLC v Yews, Inc., 174 AD3d 868, 869-870). The doctrine "is generally not available against a municipal defendant with regard to the exercise of its governmental functions" (Matter of Muller v New York City Dept. of Educ., 142 AD3d 618, 622). However, the doctrine may be asserted against a municipal defendant in "exceptional circumstances involving the wrongful or negligent conduct of a governmental subdivision, or its misleading nonfeasance, which induces a party relying thereon to change his or her position to his or her detriment resulting in manifest injustice" (id. [alterations and internal quotation marks omitted]). Here, the plaintiff failed to establish that this matter falls within the narrow exception warranting estoppel against a government body (see Matter of Taranto v City of Glen Cove, 212 AD3d 826, 828; Laws Constr. Corp. v Town of Patterson, 135 AD3d 830, 831).
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint as time-barred.
The plaintiff's remaining contention is improperly raised for the first time on appeal (see Wells Fargo Bank v Islam, 174 AD3d 670).
IANNACCI, J.P., CHRISTOPHER, GENOVESI and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court