Matter of Radwan v DiNapoli (2025 NY Slip Op 02118)

Matter of Radwan v DiNapoli

2025 NY Slip Op 02118

Decided on April 10, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 10, 2025

CV-24-0235
[*1]In the Matter of Daniel Radwan, Petitioner,
v
Thomas P. DiNapoli, as State Comptroller, Respondent.

Calendar Date:February 10, 2025

Before:Aarons, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Powers, JJ.

Creighton, Johnsen & Giroux, Buffalo (Jonathan G. Johnsen of counsel), for petitioner.
Letitia James, Attorney General, Albany (Frederick A. Brodie of counsel), for respondent.

Pritzker, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's application for Retirement and Social Security Law article 15 service retirement benefits.
Petitioner worked as a correction officer for the Department of Corrections and Community Supervision (hereinafter DOCCS) for over 30 years until April 15, 2019. In December 2018, petitioner also began working as a part-time laborer on an as-needed basis for the Frontier Central School District. Less than one year later, petitioner filed an application with the New York State and Local Retirement System seeking service retirement benefits under Retirement and Social Security Law article 15 and listing the effective date of his retirement as April 27, 2019.[FN1] Significantly, however, petitioner did not submit a resignation letter to the school district until April 2021. In response to petitioner's application for retirement, the Retirement System sent a letter to the school district indicating that petitioner had applied for retirement, that the effective date thereof would be April 27, 2019 and that the day prior thereto would be the last day that petitioner could receive a salary. Despite this, petitioner continued working for the school district and collecting a salary.
Beginning in May 2019, the Retirement System's pension integrity bureau began investigating retirement applications of correction officers who predominately worked under Retirement and Social Security Law article 14 but were seeking benefits under Retirement and Social Security Law article 15. In a September 2021 letter, the pension integrity bureau informed petitioner that, upon reviewing his application, petitioner "did not have a bona fide termination from employment prior to the effective date of [his] retirement." Upon petitioner's request, a hearing ensued, at the conclusion of which the Hearing Officer denied petitioner's application and found, among other things, that there was no genuine termination of petitioner's employment with the school district in 2019 and, as a result, petitioner would need to return payments that he had been receiving but to which he was not entitled. Respondent upheld the Hearing Officer's decision, prompting petitioner to commence this CPLR article 78 proceeding to challenge respondent's determination, which was transferred to this Court (see CPLR 7804 [g]).
Petitioner argues that respondent's interpretation of Retirement and Social Security Law article 15 as requiring an applicant to actually stop working for a public employer in order to obtain retirement benefits is unreasonable. In light of this Court's recent decision in Matter of Strzepek v DiNapoli (227 AD3d 1353, 1356 [3d Dept 2024]), we disagree. Respondent "is vested with the exclusive authority to determine all applications for retirement benefits and the determination must be upheld if the interpretation of the [*2]controlling retirement statute is reasonable and the underlying factual findings are supported by substantial evidence" (Matter of Tamucci v DiNapoli, 133 AD3d 960, 961 [3d Dept 2015] [internal quotation marks, brackets and citations omitted]; see Matter of Graziose v DiNapoli, 137 AD3d 1452, 1453 [3d Dept 2016]). To that end, as we held in Matter of Strzepek v DiNapoli, "we have no quarrel with the proposition that, in order to qualify for benefits under Retirement and Social Security Law article 15, an applicant such as petitioner indeed must demonstrate that he or she actually retired from public service employment in the first instance. We are similarly persuaded that it is entirely rational and reasonable for respondent to require that such retirement be genuine, i.e., the applicant must demonstrate that there has been a legitimate cessation or termination of employment. . . . [S]imply filing an application for benefits, selecting a retirement date and abstaining from performing services for the employer on the effective date thereof does not constitute a legitimate retirement — particularly where . . . the applicant in question remains on the employer's payroll and subsequently continues to perform services for the employer" (227 AD3d at 1356 [footnote omitted]). In light of the foregoing, we also find that respondent's determination that petitioner did not actually retire on April 27, 2019 is supported by substantial evidence (see id. at 1357). Specifically, the evidence demonstrates that, although claimant informed the school district that he would be retiring on said date, he did not submit a resignation letter nor ask to be removed from the payroll. And, when the school district contacted him to work again only days after his purported retirement date, claimant agreed to work, and then continued working, albeit with some breaks,[FN2] until he submitted a resignation letter in April 2021. As such, we decline to disturb respondent's determination.
We now turn to petitioner's argument that his right to due process was violated. Petitioner's contention that his due process rights were violated by respondent's adoption of a new policy is without merit as respondent acted within the purview of his authority when he provided an interpretation of the relevant statutory text to determine whether petitioner had actually retired (see id. at 1355). Nor do we find that an edit made to an information booklet in 2021 suggests the imposition of a new standard as the main purpose of the edit appears to be to inform applicants that "a bona fide termination" of employment must occur before an applicant is considered retired. However, inasmuch as petitioner failed to effectively terminate his employment with the school district, he did not have a legitimate claim of entitlement to the retirement benefits that had accrued on his behalf (see generally Matter of Montgomery v New York State Dept. of Corr. & Community Servs., 192 AD3d 1437, 1440 [3d Dept 2021], lv [*3]denied 37 NY3d 908 [2021]; Matter of Soriano v Elia, 155 AD3d 1496,1501 [3d Dept 2017], lv denied 31 NY3d 913 [2018]). In this regard, his due process rights as to those benefits could not have been violated (see id.).
Finally, petitioner contends that respondent should be estopped from recouping monies paid to petitioner during the period respondent now says he was not retired. Petitioner's assertion in this respect centers around alleged erroneous advice given by one of respondent's employees who advised petitioner that, in order to retire from the school district, he could not work on the day of retirement or the day after. However, "[a]s a general rule, estoppel may not be invoked against a governmental body with regard to the exercise of its governmental functions or its correction of an administrative error" (Matter of Taranto v City of Glen Cove, 212 AD3d 826, 828 [2d Dept 2023]; see Matter of Smith v DiNapoli, 167 AD3d 1208, 1211 [3d Dept 2018]). Contrary to petitioner's contention, we do not find his case to be one of "the rarest of cases" in which an exception to the general rule applies (Matter of Taranto v City of Glen Cove, 212 AD3d at 828 [internal quotation marks and citation omitted]; see Matter of Smith v DiNapoli, 167 AD3d at 1211). Moreover, "[u]nder settled principles, the doctrine of estoppel will not provide eligibility [to retirement benefits] where by statute a person clearly does not qualify" (Matter of Price v New York State & Local Employees' Retirement Sys., 107 AD3d 1212, 1216 [3d Dept 2013] [internal quotation marks, brackets and citation omitted]; see Matter of Schuyler v New York State & Local Employees' Retirement Sys., 158 AD3d 909, 912 [3d Dept 2018]), "even if the advice of the administrative employees was erroneous" (Matter of Burns v Regan, 87 AD2d 944, 946 [3d Dept 1982], appeal dismissed 57 NY2d 954 [1982]; see Matter of Lane v DiNapoli, 179 AD3d 1267, 1269-1270 [3d Dept 2020]). Additionally, to the extent that petitioner was provided with incorrect information, it was not his reliance on this information that was ultimately the source of his problems; rather, it was his failure to properly retire by submitting a resignation letter to the school district and/or seeking to be removed from its payroll. Thus, despite the erroneous advice of the Retirement System's administrative officials, the doctrine of estoppel cannot provide petitioner eligibility to retirement benefits for which he did not qualify (see Matter of Lane v DiNapoli, 179 AD3d at 1269-1270; Matter of Schuyler v New York State & Local Employees' Retirement Sys., 158 AD3d at 912; Matter of Price v New York State & Local Employees' Retirement Sys., 107 AD3d at 1215-1216; Matter of Burns v Regan, 87 AD2d at 946). We have reviewed petitioner's remaining contentions and, to the extent not specifically addressed herein, find them to be lacking in merit.
Aarons, J.P., Reynolds Fitzgerald, Ceresia and Powers, JJ., concur.
ADJUDGED that the determination [*4]is confirmed, without costs, and petition dismissed.

Footnotes

Footnote 1: Retirement System members who retire as correction officers are entitled to benefits under Retirement and Social Security Law article 14, whereas members employed by certain other public employers, including school districts, are entitled to benefits under Retirement and Social Security Law article 15 (see Retirement and Social Security Law §§ 504 [e]; 600 [2] [a]). However, and according to respondent, if a former correction officer retires after service with an article 15 employer, that individual's years of service under article 14 are considered in the article 15 retirement benefit calculation and, in some instances, the benefits available under article 15 may be more advantageous.

Footnote 2: Given the similar failure to submit a resignation letter and/or seek to be removed from the school district's payroll, we find that respondent's determination that the break in petitioner's employment attributable to the COVID-19 pandemic did not constitute a bona fide retirement is also supported by substantial evidence (see Matter of Strzepek v DiNapoli, 227 AD3d at 1356-1357).