Matter of Reynolds v DiNapoli (2026 NY Slip Op 00044)

Matter of Reynolds v DiNapoli

2026 NY Slip Op 00044

Decided on January 8, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 8, 2026

CV-24-2022
[*1]In the Matter of Deborah Reynolds, Petitioner,
vThomas P. DiNapoli, as State Comptroller, Respondent.

Calendar Date:November 17, 2025

Before:Garry, P.J., Clark, Aarons, McShan and Mackey, JJ.

Law Office of Joshua Pepper, PLLC, New York City (Joshua Pepper of counsel), for petitioner.
Letitia James, Attorney General, Albany (Dustin J. Brockner of counsel), for respondent.

Garry, P.J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's application to recalculate her retirement service credit.
In order to receive retirement service credit, elected or appointed officials who do not participate in an employer's time keeping system are required to prepare a "Record of Work Activities" (hereinafter ROA) detailing the official's work activities for a period of three consecutive months (see 2 NYCRR 315.4 [a] [1]; see also Retirement and Social Security Law § 612 [a]). The ROA must be completed within 150 days of the start of the official's term, and the official must sign the ROA, attest to its accuracy and submit it to the employer's governing board within 30 days of its completion (see 2 NYCRR 315.4 [a] [1]). In the event that the official or the employer determines that the ROA is "not representative of the average number of hours worked" by the official, the official is required to prepare another ROA "during the same calendar year for an alternative period of three consecutive months which is representative" (2 NYCRR 315.4 [a] [2]). If an official fails to record, sign and submit an ROA "within the required time frame," service crediting is suspended until such time as an ROA that complies with regulatory requirements is properly submitted (2 NYCRR 315.4 [a] [2]). Ultimately, "the [ROA] must be submitted to the secretary or clerk [of the official's employer] prior to the elected or appointed official ending service in that title" (2 NYCRR 315.4 [a] [2]). Once submitted, the governing board must establish, by resolution, a standard work day for each official using a specified format, which is to include the average number of days worked per month (see 2 NYCRR 315.4 [b] [6]). Following a period of public posting, that resolution is then filed with the Office of the State Comptroller (see 2 NYCRR 315.4 [c]).
From 2012 to 2015, petitioner served as an elected City Council member for the City of Mount Vernon, Westchester County and did not participate in her employer's time keeping system. Thus, to receive retirement service credit for her employment, petitioner prepared and submitted an ROA, reporting 60 hours of work over the first three months of 2012, or an average of 3.33 six-hour workdays per month. In July 2012, the Mount Vernon City Council, including petitioner, issued a resolution establishing petitioner's days per month based on her ROA, and that figure was reported to and ultimately certified by the New York State and Local Retirement System in August 2012.[FN1] Petitioner's term as a City Council member ended in December 2015.
In 2020, petitioner, then the City's Comptroller, submitted a revised ROA to the Retirement System, increasing her reported hours for the same three-month period to 374.50 hours, or an average of 20.81 six-hour workdays per month, and requesting that her service credit be [*2]recalculated. In December 2022, the Pension Integrity Bureau of the Retirement System acknowledged receipt of petitioner's revised ROA, calculated her days worked and advised that the City Council should adopt a resolution in accord therewith, which the City Council later did. However, the Bureau's December 2022 communication was subsequently determined to have been sent in error. In April 2023, petitioner was advised that her revised ROA for a previously held title, submitted well outside of the windows to submit or amend an ROA, must be rejected (see generally Retirement and Social Security Law § 111 [c]). Following an evidentiary hearing, a Hearing Officer agreed that petitioner was not entitled to a recalculation of her service credit as her revised ROA was both untimely and failed to encompass an alternative period of three consecutive months within the same calendar year as her initial ROA. Respondent adopted the Hearing Officer's findings of fact and conclusions of law and denied petitioner's application. This proceeding ensued.
Turning first to the issue of timeliness, petitioner contends that the "prior to leaving office" deadline contained in 2 NYCRR 315.4 (a) (2) must be read in context to apply only in circumstances where an official has failed to timely submit an initial ROA, and service crediting has accordingly been suspended, and therefore should not bar the submission of her revised ROA after her term ended. We disagree. Subdivision (a) of the subject regulation governs when and how officials who lack employer-based time keeping must create and submit ROAs. Subdivision (a) (1) establishes the standard procedure for completing an ROA, including what the ROA must contain, the obligation to complete an ROA within 150 days of assuming office and to file it within 30 days of completion, and the applicability of a certified ROA to subsequent terms of office (see 2 NYCRR 315.4 [a] [1]). Subdivision (a) (2) contains three additional procedural rules: the requirement that a subsequent ROA be completed within the same calendar year when an initial ROA is deemed to be not representative of the average number of hours worked by the official; consequences for when an official fails to record, sign and submit an ROA within the required time frame, such as the suspension of service crediting; and the deadline that is at issue on this appeal, which again provides that "[t]he record of work activities must be submitted to the secretary or clerk prior to the elected or appointed official ending service in that title" (2 NYCRR 315.4 [a] [2]). This last sentence in the subdivision is drafted broadly, speaks in absolute terms and refers to "[t]he record of work activities" without limitation (2 NYCRR 315.4 [a] [2]). Thus, although petitioner is correct that the subject timing requirement follows language about suspension of service crediting for noncompliance with initial filing requirements, subdivision (a) (2) collects various rules governing deviations [*3]from the standard procedure set forth in the earlier subdivision. Viewed in this broader regulatory context, respondent's conclusion that the deadline applies to petitioner's revised ROA is neither irrational nor unreasonable (see Andryeyeva v New York Health Care, Inc., 33 NY3d 152, 174 [2019]). Rather, petitioner's reading, which would permit an official to "revise" an ROA years or even decades after leaving office, would undermine the regulation's clear objective of contemporaneous and verifiable reporting.
Nor are we persuaded that this reading of the regulation nullifies respondent's obligations under Retirement and Social Security Law § 111 (c). It is well established that respondent, upon discovery of errors in the records of the Retirement System, is statutorily required to correct same "to ensure the integrity of the public retirement system" (Matter of Smith v DiNapoli, 167 AD3d 1208, 1211 [3d Dept 2018] [internal quotation marks and citations omitted]; see Matter of Lane v DiNapoli, 179 AD3d 1267, 1269 [3d Dept 2020]). However, as respondent rationally concluded that petitioner's revised ROA was untimely, petitioner has failed to demonstrate that any error in service credits meriting correction exists.
The question thus turns to when petitioner submitted her revised ROA. The parties do not dispute that petitioner was advised by the City Clerk following the submission of her initial ROA that her reporting appeared low in comparison to other City Council members and that she may have inadvertently omitted work activities. What occurred thereafter was disputed at the hearing. Petitioner testified that she promptly submitted a revised ROA to the City Clerk. The City Clerk and the Chief Accountant for the City testified that they did not receive another ROA from petitioner during her term. Respondent was entitled to credit the testimony of these latter two witnesses over that of petitioner and to find other evidence proffered by petitioner unpersuasive (see Matter of McMorrow v Hevesi, 6 AD3d 925, 927 [3d Dept 2004]; see also Matter of Zanchelli v DiNapoli, 198 AD3d 1058, 1059 [3d Dept 2021]). Substantial evidence therefore supports respondent's determination that petitioner's revised ROA — submitted nearly five years after petitioner left office — was untimely and, thus, that she failed to meet her burden to demonstrate entitlement to additional service credit (see Matter of Snyder v New York State & Local Retirement Sys., 211 AD3d 1269, 1270 [3d Dept 2022]; see generally Matter of P.C. v Stony Brook University, 43 NY3d 574, 580-581 [2025]).
Finally, contrary to petitioner's assertion, her right to due process was not violated when the Hearing Officer declined to allow her to reopen her case-in-chief and testify a second time to rebut the testimony of the City's Chief Accountant, who was identified as a potential witness after petitioner rested. Respondent's regulations provide that an "applicant must be prepared to present all evidence [*4]and witnesses in support of his/her claim" at the initial hearing on their case (2 NYCRR 317.4 [b]) and that "[r]ebuttal evidence shall not be permitted" (2 NYCRR 317.4 [c]; see Matter of Regan v New York State & Local Employees' Retirement Sys., 14 AD3d 927, 929 [3d Dept 2005], lv denied 4 NY3d 709 [2005], lv dismissed 5 NY3d 824 [2005]). Petitioner was given approximately one month's notice that the Chief Accountant would be called as a witness for the Retirement System and was afforded ample opportunity to cross-examine him at the hearing, including with respect to his recollection of a 2012 conversation that he testified he had with petitioner that would have been the subject of petitioner's proffered rebuttal. Under these circumstances, the Hearing Officer's adherence to 2 NYCRR 317.4 did not deprive petitioner of her right to a full and fair hearing.
In light of the foregoing, we need not address whether petitioner's revised ROA was also flawed for failing to address an alternate three-month period in 2012. Petitioner's remaining contentions, to the extent not expressly addressed herein, have been considered and determined to be without merit.
Clark, Aarons, McShan and Mackey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

Footnotes

Footnote 1: In May 2013, the City Council adopted an amendment to the July 2012 resolution that did not modify petitioner's average number of days worked per month.